No. 72–1731. GRONER, DBA LUCKY DISTRIBUTORS *v.* UNITED STATES. C. A. 5th Cir. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Miller* v. *California,* 413 U. S. 15 (1973); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49 (1973); *Kaplan* v. *California,* 413 U. S. 115 (1973); *United States* v. *12 200-Ft. Reels of Film,* 413 U. S. 123 (1973); *United States* v. *Orito,* 413 U. S. 139 (1973); *Heller* v. *New York,* 413 U. S. 483 (1973); *Roaden* v. *Kentucky,* 413 U. S. 496 (1973); and *Alexander* v. *Virginia,* 413 U. S. 836 (1973). MR. JUSTICE DOUGLAS, being of the view that federal obscenity regulation is prohibited by the First Amendment (see *United States* v. *12 200-Ft. Reels of Film,* 413 U. S. 123, 130 (DOUGLAS, J., dissenting)), would grant certiorari in this case and reverse the judgment of conviction.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL concur, dissenting.

Petitioner was convicted in the United States District Court for the Northern District of Texas on charges of using a common carrier for carriage of allegedly obscene matter in violation of 18 U. S. C. § 1462, which provides in pertinent part as follows:

> "Whoever . . . knowingly uses any express company or other common carrier, for carriage in interstate or foreign commerce—
> "(a) any obscene, lewd, lascivious, or filthy book, pamphlet, picture, motion-picture film, paper, letter, writing, print, or other matter of indecent character
> .    .    .    .    .

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both . . . ."

A panel of the Court of Appeals for the Fifth Circuit reversed the conviction. 475 F. 2d 550 (1972). On rehearing en banc, the panel was overruled and petitioner's judgment of conviction was affirmed. 479 F. 2d 577 (1973).

I adhere to my dissent in *United States* v. *Orito,* 413 U. S. 139, 147 (1973), in which, speaking of 18 U. S. C. § 1462, I expressed the view that "[w]hatever the extent of the Federal Government's power to bar the distribution of allegedly obscene material to juveniles or the offensive exposure of such material to unconsenting adults, the statute before us is clearly overbroad and unconstitutional on its face." 413 U. S., at 147–148. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, vacate the judgment of the Court of Appeals for the Fifth Circuit, and remand for further proceedings consistent with my dissent in *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 73 (1973). In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).