UNITED STATES of America,
Plaintiff-Appellee,

v.

Samuel **RATNER**, Albert Ratner, and Wyngate & Bevins, Inc., Defendants-Appellants.

No. 71–2062.

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1974.

Mel S. Friedman, W. B. (Bennie) House, Jr., Houston, Tex., for defendants-appellants.

Eldon B. Mahon, U. S. Atty., Frank D. McCown, William F. Sanderson, Asst. U. S. Attys., Ft. Worth, Tex., for plaintiff-appellee.

Before WISDOM, GOLDBERG and CLARK, Circuit Judges.

PER CURIAM:

The individual defendants, Samuel and Albert Ratner, ran a large scale mail order business in allegedly obscene magazines and films. They operated through a California corporation, Wyngate & Bevins, Inc. The corporation mailed sexually explicit advertisements to persons on various mailing lists who had not solicited the material, mailed similar advertisements with each order, and advertised in various magazines.

The United States indicted the two Ratners and Wyngate & Bevins for violations of the federal obscenity statute, 18 U.S.C. § 1461. A jury found the defendants guilty. The trial court sentenced the individual defendants to five years imprisonment on each of seven counts, the sentences to run concurrently. The court fined Wyngate & Bevins $35,000, $5,000 for each count. All the defendants appeal. We affirm.

We withheld decision of this appeal pending the progress through the courts of another obscenity case, in which some of the issues were identical and some related to those raised by the appellants here. That case was United States v. Groner, 5 Cir. 1972, 475 F.2d 550, rev'd en banc, 1973, 479 F.2d 577, vacated, 414 U.S. 969, 94 S.Ct. 278, 38 L.Ed.2d 213. The Supreme Court remanded *Groner* for reconsideration in light of Miller v. California, 1973, 413 U.S. 18, 93 S.Ct. 2607, 37 L.Ed.2d 419, and its companion cases.[1] This Court rendered its decision on remand on May 24, 1974. United States v. Groner, 5 Cir. 1974, 494 F.2d 499.

Shortly after this Court decided *Groner* on remand, the Supreme Court decided Hamling v. United States, 1974, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590. Together, *Groner* and *Hamling* squarely reject the following arguments of the appellants: (1) that the prosecution must introduce expert testimony to enable the jury to determine the obscenity of the material in question, (2) that evidence of pandering may not be admitted into evidence to show the obscenity of the materials in question where pandering has not been charged in the indictment,[2] and (3) that

1. Paris Adult Theatre I v. Slaton, 1973, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446; Kaplan v. California, 1973, 413 U.S. 115, 93 S. Ct. 2680, 37 L.Ed.2d 492; United States v. 12 200-ft. Reels of Super 8 mm. Film, 1973, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500; United States v. Orito, 1973, 413 U.S. 139, 93 S.Ct. 2673, 37 L.Ed.2d 513; Heller v. New York, 1973, 413 U.S. 483, 93 S.Ct. 2789, 37 L.Ed.2d 745; Roaden v. Kentucky,

1973, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed. 2d 757, and Alexander v. Virginia, 1973, 413 U.S. 836, 93 S.Ct. 2803, 37 L.Ed.2d 993.

2. The court had instructed the jury that it might consider evidence of pandering in determining whether the materials mailed were obscene. This instruction was proper under Ginzburg v. United States, 1966, 383 U.S. 463, 86 S.Ct. 942, 16 L.Ed.2d 31. The ap-

mere knowledge of the character of the materials mailed, without knowledge that they are obscene, does not satisfy the constitutional and statutory requirements of scienter.

The test of obscenity governing at the time of the trial was that set forth by the plurality in Memoirs v. Massachusetts, 1966, 383 U.S. 413, 86 S.Ct. 975, 16 L.Ed.2d 1:

". . . three elements must coalesce: it must be established that (a) the dominant theme of the material taken as a whole appeals to a prurient interest in sex; (b) the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (c) the material is utterly without redeeming social value."

383 U.S. at 418, 86 S.Ct. at 977, 16 L. Ed.2d at 5–6.

■ The appellants do not contend that the charge given by the district court was inconsistent with that definition. Rather, they contend that the United States failed to establish the obscenity of the materials in question. We have examined the record and exhibits and find that the jury could reasonably find, as it did, that the materials were obscene under the Memoirs standard.

■■ After the appellants had been convicted, however, and while this appeal was pending, the Supreme Court decided Miller v. California, 1973, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419, and its companion cases. The Miller reformulation of the test of obscenity provides:

"The basic guidelines for the trier of fact must be: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest, (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law, and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value."

413 U.S. at 24, 93 S.Ct. at 2615, 37 L. Ed.2d at 431 (citations omitted). We find no basis for believing that the defendants would have fared better had they been tried under this standard of obscenity.[3] See Hamling v. United States, 1974, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590, 611.

■ The appellants further contend that their conviction as to Count 6 must be reversed because there is a fatal variance between the allegations made in that count and the proof offered by the government at trial. They did not raise this objection at trial. They are barred from raising it on appeal under Rule 51, Fed.R.Crim.P., unless it constitutes

pellants also argue that there was insufficient evidence of pandering to justify such an instruction. This argument deserves little discussion. The advertising material mailed by the appellants was sufficiently lurid to permit a jury to infer that it pandered to the prurient interest of recipients.

3. In general, the effect of the Miller standard is to relax appellate review of the jury's findings. This is implicit in the court's emphasis that what "appeals to the prurient interest" and what is "patently offensive" are "essentially questions of fact", which the jurors may resolve by reference to the standards of their local community, rather than to "some hypothetical standard of the entire United States of America." 413 U.S. at 31, 93 S.Ct. at 2618, 37 L.Ed.2d at 434,

435. In this case, as in Hamling, the district court instructed the jury that it must apply a national standard. We conclude, as the Supreme Court concluded in Hamling, that consideration of the record and the charge as a whole shows that there is no substantial probability that elimination of the references to a "national community" would have materially affected the jury's deliberations.

The Miller standard is also less stringent to the extent that it discards the "utterly without redeeming social value" test of Memoirs in favor of a test requiring only that "the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." 413 U.S. at 24, 93 S.Ct. at 2615, 37 L.Ed.2d at 431–432 (emphasis added).

"plain error". See United States v. Hyde, 5 Cir. 1971, 448 F.2d 815; Puryear v. United States, 5 Cir. 1967, 378 F.2d 29. We find that the alleged variance does not rise to the level of "plain error". We decline, therefore, to consider whether there was a variance at all, or if there was, whether it was material.

The appellants raise other points on this appeal. We have considered all of the appellants' contentions. We conclude that they do not merit discussion.

Affirmed.