No. 74–1282. RATNER *v.* UNITED STATES. C. A. 5th Cir. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view, stated in his previous opinions [1] and those

---

[1] *Miller* v. *California,* 413 U. S. 15, 42–47 (1973) (dissenting); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70–73 (1973) (dissenting); *Memoirs* v. *Massachusetts,* 383 U. S. 413, 426–433 (1966) (concurring in judgment); *Ginzburg* v. *United States,* 383 U. S. 463, 491–492 (1966) (dissenting); *Roth* v. *United States,* 354 U. S. 476, 508–514 (1957) (dissenting).

of Mr. Justice Black,[2] that any state or federal ban on, or regulation of, obscenity abridges freedom of speech and of the press contrary to the First and Fourteenth Amendments, would grant certiorari and summarily reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted in the United States District Court for the Northern District of Texas of mailing obscene magazines and films, and mailing advertisements describing how to obtain such magazines and films, in violation of 18 U. S. C. § 1461, which provides in pertinent part:

> "Every obscene, lewd, lascivious, indecent, filthy or vile article, matter, thing, device, or substance; . . .

> . . . . .

> "Is declared to be nonmailable matter and shall not be conveyed in the mails or delivered from any post office or by any letter carrier.
>
> "Whoever knowingly uses the mails for the mailing . . . of anything declared by this section . . . to be nonmailable, . . . shall be fined not more than $5,000 or imprisoned not more than five years . . . ."

The Court of Appeals for the Fifth Circuit affirmed, 502 F. 2d 1300 (1974).

I adhere to my dissent in *United States* v. *Orito*, 413 U. S. 139, 147 (1973), in which, speaking of 18 U. S. C. § 1462, which is similar in scope to § 1461, I expressed the view that "[w]hatever the extent of the Federal Government's power to bar the distribution of allegedly obscene material to juveniles or the offensive exposure of such material to unconsenting adults, the statute before us is clearly overbroad and unconstitutional on its face."

---

[2] *Ginzburg* v. *United States, supra,* at 476 (dissenting); *Mishkin* v. *New York,* 383 U. S. 502, 515–518 (1966) (dissenting).

413 U. S., at 147–148. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, and, since the judgment of the Court of Appeals for the Fifth Circuit was rendered after *Orito,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Finally, it appears from the petition and response that the obscenity of the disputed materials was not adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioner must be given an opportunity to have his case decided on, and to introduce evidence relevant to, the legal standard upon which his conviction has ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioner should be afforded a new trial under local community standards.

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.

