No. 74–1430. SANDQUIST *v.* CALIFORNIA. App. Dept., Super. Ct. Cal., County of Los Angeles. Certiorari denied. MR. JUSTICE DOUGLAS, being of the view, stated in his previous opinions [1] and those of Mr. Justice Black,[2]

---

[1] *Miller* v. *California,* 413 U. S. 15, 42–47 (1973) (dissenting); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70–73 (1973) (dissenting); *Memoirs* v. *Massachusetts,* 383 U. S. 413, 426–433 (1966) (concurring in judgment); *Ginzburg* v. *United States,* 383 U. S. 463, 491–492 (1966) (dissenting); *Roth* v. *United States,* 354 U. S. 476, 508–514 (1957) (dissenting).

[2] *Ginzburg* v. *United States, supra,* at 476 (dissenting); *Mishkin* v. *New York,* 383 U. S. 502, 515–518 (1966) (dissenting).

that any state or federal ban on, or regulation of, obscenity abridges freedom of speech and of the press contrary to the First and Fourteenth Amendments, would grant certiorari and summarily reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Petitioner was convicted in the Municipal Court of Los Angeles of exhibiting allegedly obscene motion pictures in violation of Cal. Penal Code § 311.2 (1970), which provides in pertinent part as follows:

"(a) Every person who knowingly . . . exhibits to others, any obscene matter is guilty of a misdemeanor."

As used in § 311.2,

" 'Obscene matter' means matter, taken as a whole, the predominant appeal of which to the average person, applying contemporary standards, is to prurient interest, i. e., a shameful or morbid interest in nudity, sex, or excretion; and is matter which taken as a whole goes substantially beyond customary limits of candor in description or representation of such matters; and is matter which taken as a whole is utterly without redeeming social importance." § 311 (a) (Supp. 1975).

On appeal, the Appellate Department of the Superior Court of California for the County of Los Angeles affirmed the conviction. Certification to the Court of Appeal was sought and denied.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult*

*Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 311.2, as it incorporates the definition of "obscene matter" in § 311 (a), is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari and, since the judgment of the Appellate Department was rendered after *Miller,* reverse.* In that circumstance, I have no occasion to consider whether the other questions presented merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 495 (1973) (BRENNAN, J., dissenting).

Further, it appears from the petition and response that the obscenity of the disputed materials was not adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioner must be given an opportunity to have his case decided on, and to introduce evidence relevant to, the legal standard upon which his conviction has ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether petitioner should be afforded a new trial under local community standards.

---

*Although four of us would grant certiorari and reverse the judgment, the Justices who join this opinion do not insist that the case be decided on the merits.