No. 75–983. LILES ET AL. v. OREGON. Ct. App. Ore. Certiorari denied. 

MR. JUSTICE STEVENS, concurring in the denial of certiorari.

The question we must first decide when acting on a petition for certiorari is whether we should set the case for full briefing and oral argument and thereafter decide the merits. Nothing in MR. JUSTICE BRENNAN's opinion dissenting from the denial of certiorari in this case persuades me that any purpose would be served by such argument.[1] For there is no reason to believe that the

---

[1] His quotation of the standard of obscenity applied by the trial judge in this case supports the argument made in his dissent in *Paris Adult Theatre I* v. *Slaton*, 413 U. S. 49, 73, that there has been a failure to define standards which will give adequate guidance to the lower state and federal courts in making obscenity determinations with any degree of predictable consistency. I do not understand him to be using the quotation as a separate argument for granting certiorari in this particular case because the Oregon Court of Appeals did not consider the constitutionality of that standard, but held instead that petitioners had not properly preserved this claim under Oregon law.

majority of the Court which decided *Miller* v. *California,* 413 U. S. 15, is any less adamant than the minority. Accordingly, regardless of how I might vote on the merits after full argument, it would be pointless to grant certiorari in case after case of this character only to have *Miller* reaffirmed time after time.

Since my dissenting Brethren have recognized the force of this reasoning in the past,[2] I believe they also could properly vote to deny certiorari in this case without acting inconsistently with their principled views on the merits. In all events, until a valid reason for voting to grant one of these petitions is put forward, I shall continue to vote to deny. In the interest of conserving scarce law library space, I shall not repeat this explanation every time I cast such a vote.

Mr. Justice Brennan, with whom Mr. Justice Stewart and Mr. Justice Marshall join, dissenting.

Petitioners were convicted of selling obscene motion picture films in violation of the recently enacted provisions of Oregon Laws 1973, c. 699, § 4, now codified as Ore. Rev. Stat. § 167.087 (1975). Section 4 provides in pertinent part:

"(1) A person commits the crime of disseminating obscene material if he knowingly makes, exhibits, sells, delivers or provides, or offers or agrees to make, exhibit, sell, deliver or provide, or has in his possession with intent to exhibit, sell, deliver or provide any obscene writing, picture, motion picture, films, slides, drawings or other visual reproduction.

"(2) As used in subsection (1) of this section, matter is obscene if:

---

[2] *Ratner* v. *United States,* 423 U. S. 898, 900 n. (Brennan, J., dissenting); *Sandquist* v. *California,* 423 U. S. 900, 902 n. (Brennan, J., dissenting).

"(a) It depicts or describes in a patently offensive manner sadomasochistic abuse or sexual conduct;

"(b) The average person applying contemporary state standards would find the work, taken as a whole, appeals to the prurient interest in sex; and

"(c) Taken as a whole, it lacks serious literary, artistic, political or scientific value."

The judgments of conviction were affirmed by the Oregon Court of Appeals, 22 Ore. App. 132, 537 P. 2d 1182, and a timely petition for review was subsequently denied by the Oregon Supreme Court.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, Oregon Laws 1973, c. 699, § 4, is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari and, since the judgment of the Oregon Court of Appeals was rendered after *Miller,* reverse. In that circumstance, I have no occasion to consider whether the other question presented by petitioners merits plenary review. See *Heller* v. *New York,* 413 U. S. 483, 495 (1973) (BRENNAN, J., dissenting).

I note that this case particularly exemplifies the difficulty and arbitrariness inherent in any attempt to articulate a standard of obscenity. I need only quote the standard as applied by the judge before whom petitioners' case was tried:

" 'Well, what is patently offensive?

" 'And, frankly, I had to kind of apply my own standard, which, I believe, corresponds with the standards of the community. And the standard probably, simply stated and boiled down, is the same one that was taught to me by my mother from the day I was a small child. If there was something of which I would not want her to know, then don't do it. Pretty simple.

" 'Applying that standard I would think that I wouldn't get any quarrel out of anyone in this room, that they wouldn't want their mothers sitting next to them while they looked at either one of those movies. They are patently offensive.' " Pet. for Cert. 8–9.