**Penny TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–81–352–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1981.

Terrence Gaiser, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

PRICE, Justice.

This is an appeal from a conviction for promotion of obscene material. The court found appellant guilty as charged by the information and assessed punishment at a fine of five hundred dollars and three days confinement in jail.

Appellant contends that the trial court erred in denying his motion to quash the information on the ground that the information was vague, indefinite and uncertain, and in violation of the Due Process clause of the Fourteenth Amendment; appellant specifically asserts that the word "sodomy" as used in the information is one that persons of common intelligence must necessarily differ as to its meaning. The information in the present case parallels the language of the statute. Tex.Penal Code Ann. § 43.21 (Vernon 1981). Appellant, in furtherance of this premise, argues that sodomy could indicate either carnal copulation with a member of the same sex, noncoital copulation with a member of the opposite sex, nonconsensual carnal copulation between adults or carnal copulation with an animal. The information in the present

case alleged in pertinent part that appellant "did ... intentionally sell ... obscene material, namely a magazine entitled 'Ass Masters' which depicts patently offensive representations of actual and simulated anal sodomy." Tex.Penal Code Ann. § 43.-21(a)(1)(B)(i) (Vernon 1981) divides ultimate sexual acts into three categories: (1) sexual intercourse, (2) sodomy and (3) sexual bestiality. The State, by alleging "sodomy" rather than all three categories and by further qualifying the word "sodomy" with the modifier "anal", limited the meaning of "sodomy" so that it would be narrowly construed. Therefore, the information would not lend itself to the duplicity appellant suggests.

■ Further, an attack on Tex.Penal Code Ann. § 43.21(a)(1)(B)(i) (Vernon 1981) on overbreadth and vagueness grounds was recently rejected by the Fifth Circuit:

> These additional terms ["sexual intercourse, sodomy and sexual bestiality"] yield a plain, ascertainable meaning; their addition reduces rather than increases the vagueness of the Texas statute. Nor by these additions to the *Miller* catalogue of forbidden depictions of sexual acts does the Texas statute sweep too broadly. Subsection 43.21(a)(1)(B)(i) is not constitutionally objectionable.

*Red Bluff Drive-In v. Vance*, 648 F.2d 1020, 1026 (5th Cir. 1981).

Appellant secondly suggests that the Texas statutory definition is void for vagueness because of the failure to define the terms "prurient interest in sex," necessitating conjecture as to its meaning and difference in its application by persons of common intelligence. Therefore, appellant urges, the statute violates the Due Process clause of the Fourteenth Amendment. Like appellant's first ground of error, the argument raised has been addressed and rejected in *Red Bluff Drive-In, Inc. v. Vance, supra* at 1026. The Fifth Circuit stated that the lack of a definition for the term "prurient interest" did not render the statute constitutionally deficient.

The judgment of the trial court is affirmed.