Gary Michael KNIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–347–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 25, 1982.

Roy Beene, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PRESSLER, MURPHY and ROBERTSON, JJ.

MURPHY, Justice.

Gary Michael Knight (appellant) appeals a conviction by the court under Tex. Penal Code Ann. Section 43.23(c) (Vernon Supp. 1982). Punishment was assessed at 15 days confinement in the county jail and a $700.00 fine. In contention are the trial court's overruling appellant's plea of former jeopardy, excluding expert testimony regarding community standards and whether sufficient evidence supported his conviction for the sale of material depicting acts of sodomy as charged. We affirm.

Appellant pleaded not guilty to a complaint and information filed October 16, 1980. The matter proceeded to trial by jury on January 13, 1981. The trial ended in a mistrial on January 14, 1981, over appellant's objection, because the jury was unable to reach a decision. The attorneys for the State and defense stipulated that the record of the previous trial "*in extenso* and *in haec verba*," including motions, objections, rulings and physical evidence, be submitted to the court without a jury. The case again went to trial on February 25, 1981, at which time appellant reiterated his plea of not guilty. During trial, the court sustained the State's general objections to testimony offered by appellant to demonstrate community standards and as a result, all of appellant's proffered expert testimony was excluded. The trial court found appellant guilty and assessed punishment. Appellant asserts seven points of error on appeal.

Appellant's first ground of error contends the trial court committed reversible error by denying his plea of former jeopardy, because the State adduced insufficient evidence to support his conviction at the first trial. The only valid double jeopardy claim which could be made after a mistrial due to a deadlocked jury is one based upon bad faith prosecutorial or judicial overreaching. *United States v. Becton,* 498 F.Supp. 1013, 1019, 1024–1025 (S.D.Tex. 1980); *Chvojka v. State,* 582 S.W.2d 828, 830–831 (Tex.Cr.App.1979). There is no evidence of any proscribed conduct on either the judge's or prosecutor's part in the record before us. Moreover, a challenge to the

sufficiency of the evidence cannot support a claim of double jeopardy. *U.S. v. Becton,* 498 F.Supp. at 1013. We accordingly overrule appellant's first ground of error.

■■■ Appellant's second, third and fourth grounds of error complain of the trial court's denial of his "motion for finding the defendant not guilty" because of the State's failure to prove an essential element of the offense, to wit, that the magazine at issue depicted acts of "oral sodomy." Appellant contends "sodomy" as proscribed by the Texas Penal Code and case authority does not include oral acts. In addition, appellant challenges the State's failure to introduce evidence of community standards regarding obscenity to support the offense charged. To support his contention, appellant cites *Munoz v. State,* 103 Tex.Cr.R. 439, 281 S.W. 857 (1926); *Harvey v. State,* 55 Tex.Cr.R. 199, 115 S.W. 1193 (1909); *Lewis v. State,* 36 Tex.Cr.R. 37, 35 S.W. 372 (1896). Appellant misplaces his reliance upon these obsolete cases. It is clear that the term "sodomy" as currently employed by the Court of Criminal Appeals and the Penal Code includes both oral and anal versions of such conduct. Tex.Penal Code Ann. § 43.21 (Vernon Supp.1982); *Hargrove v. State,* 579 S.W.2d 238, 239 (Tex.Cr.App.1979); *Locke v. State,* 516 S.W.2d 949, 954 (Tex.Cr.App. 1976); *Taylor v. State,* 625 S.W.2d 839, 840 (Tex.App.—Houston [14th Dist.] 1981, no pet.). Moreover, State's Exhibit No. Two, the magazine at issue, portrays acts of oral sodomy. It is not necessary for the State to introduce expert testimony as affirmative evidence of community standards where the item charged as obscene is itself introduced into evidence. *Splawn v. California,* 431 U.S. 595, 598, 97 S.Ct. 1987, 1989, 52 L.Ed.2d 606 (1977); *United States v. Groner,* 479 F.2d 577 (5th Cir.1973), *vacated,* 414 U.S. 969, 94 S.Ct. 279, 38 L.Ed.2d 213 (1974), *conformed to,* 494 F.2d 499, *cert. denied,* 419 U.S. 1010, 95 S.Ct. 331, 42 L.Ed.2d 285; *Paris Adult Theater I v. Slaton,* 413 U.S. 49, 56, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973) (as cited in *Carlock v. State,* 609 S.W.2d 787, 788 [Tex.Cr.App.1980] ). We overrule appellant's second through fourth grounds of error.

■■■ Appellant's fifth through seventh grounds of error challenge the trial court's exclusion of expert testimony regarding community standards. Appellant called Drs. Sternes and Neff to testify to community standards in Houston based upon their respective qualifications and experience as a sexologist and sociologist. The trial court sustained the State's general objection to their testimony with the result that no expert testimony as to community standards was admitted. Although admission of expert testimony lies within a trial court's discretion, it is well settled that any appropriate testimony regarding community standards proffered by a defendant in an obscenity case should be admitted as relevant and material to the process of determining if the item challenged is obscene. Moreover, case authority . does not distinguish between nonjury and jury trials. *Hamling v. United States,* 418 U.S. 87, 101, 110, 94 S.Ct. 2887, 2899, 2903, 41 L.Ed.2d 590 (1974); *Kaplan v. California,* 413 U.S. 115, 122, 93 S.Ct. 2680, 2685, 37 L.Ed.2d 492 (1973); *Smith v. California,* 361 U.S. 147, 165–66, 80 S.Ct. 215, 225, 4 L.Ed.2d 205 (1959); (Frankfurter, J., concurring); *United States v. Groner,* 479 F.2d at 577; *Carlock v. State,* 609 S.W.2d at 788–90; *Keller v. State,* 606 S.W.2d 931, 933 (Tex.Cr.App.1980); *Berg v. State,* 599 S.W.2d 802, 804 (Tex.Cr.App.1980). Appropriate evidence which qualifies as admissible is that which would assist the finder of fact. *Holloway v. State,* 613 S.W.2d 497, 501–502 (Tex.Cr.App.1981). *Holloway* enunciates further requirements for expert testimony to be admitted, in that the witness: (1) must possess the requisite qualifications; (2) must have special knowledge of the specific matter in a calling related to that matter; (3) the evidence must be supported by technical or scientific bases; and (4) conclusions must be based upon facts proved or assumed. *Id.* We find appellant's bill of exception fails to meet these requirements in that it does not relate the matters on which Drs. Sternes and Neff would have testified to the literary, educational or scientific value of the specific magazine at issue,

nor does it demonstrate that they would show this magazine had literary, scientific or educational uses. Dr. Neff's testimony as summarized in the bill would only have demonstrated the means he employs to determine community standards. Dr. Sterne would have testified that literature "such as" this magazine had been used by Masters and Johnson in classes dealing with human sexuality, and was similar to the movie *Deep Throat*, which appellant's counsel believed had a wide viewing and had been employed in the treatment of sexual dysfunction. We find the trial court committed no error in excluding the above testimony because it would neither assist the trier of fact nor would it be appropriate evidence under the authorities cited above. We affirm the judgment of the trial court.