Stephen A. TEETERS, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–100–CR.

Court of Appeals of Texas, Corpus Christi.

Nov. 12, 1981.

Rehearing Denied Dec. 3, 1981.

Mike Aranson, Dallas, for appellant.

Mike Westergren, County Atty., Abe Factor, Asst. County Atty., Corpus Christi, for appellee.

Before BISSETT, YOUNG and GONZA-LEZ, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction for class A misdemeanor obscenity under Tex. Penal Code Ann. § 43.23(c)(1) (Vernon Supp.1980–1981). Punishment was assessed at one day in jail with a $500.00 fine.

On September 12, 1979, Officer B. J. Daffern, working in an undercover capacity, entered the Chaparral Bookstore in Corpus Christi and purchased from appellant an item of property which Daffern described as an artificial vagina. Before making the purchase, appellant, referring to the artificial vagina, asked Daffern if he wanted to buy "a good pussy," stating that the device "was better than any whore in town." Appellant also advised Daffern that when using the device not to use Vaseline but only hand lotion or baby oil. Appellant further advised that the object be cleaned by using warm water and soap. On the following day, a search warrant was executed at the

store. From display counters and racks the officers seized, amonth other things, six artificial vaginas of the kind purchased by Daffern. Each of these six items was offered into evidence.

■ The obscenity statute defines an "obscene device" as "a device including a dildo or artificial vagina, designed or marketed as useful primarily for the stimulation of human genital organs." Tex. Penal Code Ann. § 43.21(a)(7) (Vernon Supp.1980–1981). In ground of error one, appellant contends that the evidence is insufficient to prove that the artificial vaginas offered into evidence were "designed or marketed" as useful primarily for the stimulation of human genital organs. The devices have been made a part of the record and have been examined by the Court. We find that the nature of the objects themselves, the manner in which they were displayed in the store, and the remarks of appellant to the officer concerning the use and cleaning of the devices was sufficient evidence to support the jury's finding that the devices were designed and being marketed as useful primarily for the stimulation of human genital organs. *Parrish v. State*, 521 S.W.2d 850 (Tex.Crim.App.1975); *Buchanan v. State*, 506 S.W.2d 236, 238 (Tex.Crim. App.1974).

■ In ground of error two, appellant contends that the affidavit in support of the search warrant fails to describe property for which a search warrant can be issued. Tex.Code Crim.Pro.Ann., art. 18.02(8) (Vernon 1977), provides:

"A search warrant may be issued to search for and seize: any property the possession of which is prohibited by law."

Possession of an obscene device with the intent to promote it is prohibited by law. Tex.Penal Code Ann. § 43.23(c)(1). (Vernon Supp.1980–1981). A device of this kind, therefore, is subject to be searched for and seized under a search warrant.

■ The property to be searched for and seized is described in the affidavit as follows:

"Dildos and artificial vaginas of various sizes and lengths useful primarily for the stimulation of the human genital organs."

Other characterizations of the property are found in Exhibit B to the affidavit. That exhibit is a sworn statement from Officer Daffern in which the appellant is reported making the following statements concerning an artificial vagina which he sold to the officer:

"The subject was still standing behind the counter and at this point the subject stated, 'How about letting me sell you a good pussy today, it's better than any whore in town.' The subject was making reference to an artificial vagina which was located in the display case in plain view. I then asked the subject how much the item was at which time he stated that it cost $15.95 plus tax. I agreed to the price at which time the clerk advised that it would be $16.75, then rendered the stated amount in U. S. currency at which time the clerk placed the item in a brown paper bag and proceeded to give me operation instructions such as the fact that I should place baby oil in the vagina cavity and make sure and wash it with warm water."

Appellant points out that while the affidavit characterizes the artificial vaginas as "useful primarily for the stimulation of the human genital organs" it fails to further characterize them as "designed and marketed" for that purpose. He argues that without this further characterization the property described is not property the possession of which is prohibited by law.

Reading the affidavit as a whole in a common sense and realistic manner, *Faulkner v. State*, 537 S.W.2d 742, 744 (Tex.Crim. App.1976), we find it is a reasonable inference from the language of the affidavit quoted above, that the devices described were designed and marketed for the purpose stated. We accordingly hold that the affidavit describes property which could lawfully be searched for and seized under Tex.Code Crim.Pro.Ann., art. 18.02(8).

■ In ground of error three, appellant contends that the statutory definition of

"obscene device," Tex.Penal Code Ann., § 43.21(a)(7) (Supp.1980–1981) is unconstitutionally vague because it "fails to state whose design or whose marketing is prohibited." The United States Fifth Circuit Court of Appeals has recently upheld this portion of the Texas obscenity statute against a challenge that it was vague. *Red Bluff Drivein, Inc., v. Vance,* 648 F.2d 1020, 1027 (5th Cir. 1981). We agree with the decision in that case. The portion of the statute under which this prosecution was brought is concerned with the promotion or possession with the intent to promote obscene devices regardless of who designed them or who decided that they would be marketed for any particular purpose. To convict a person of selling an obscene device, it is not necessary for the State to prove who designed the device or who decided that it should be marketed for the purpose set out in the statute. Applying the standards set out in *McMorris v. State,* 516 S.W.2d 927, 929 (Tex.Crim.App.1974) for determining questions of this kind we find that the definition of "obscene device" is not vague and gives fair notice of the forbidden conduct.

In his final ground of error, appellant contends that the trial court erred in refusing to charge the jury on the law of justification under Tex.Penal Code Ann. § 9.21(a). (Vernon 1974). That statute provides that:

> "... conduct is justified if the actor reasonably believes the conduct is required or authorized by law, by the judgment or order of a competent court or other governmental tribunal, or in the execution of legal process."

Appellant testified that at the time of his arrest he thought there was in existence a court order enjoining the enforcement of the 1979 amendments to the obscenity statutes. He stated that he learned of the injunction through newspapers and television. He admitted, however, that he was not a party to the injunction suit, had no knowledge of the pleadings or papers on file in the case, and did not know at the time of his arrest whether the injunction

had been granted. We find no evidence in the record showing the existence of any judgment or order of a competent court or other governmental tribunal requiring or authorizing appellant to sell the devices in question. The trial court correctly refused to give a charge on justification under § 9.21(a).

We have carefully considered all of the grounds of error which have been brought forward. They are all overruled.

The judgment of the trial court is AFFIRMED.