**Jeffrey Jay STONELAKE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0670–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 15, 1982.

Discretionary Review Granted
Oct. 27, 1982.

Terry Gaiser, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before EVANS, C. J., and WARREN and BASS, JJ.

## OPINION

EVANS, Chief Justice.

The appellant was convicted in a nonjury proceeding of promoting an obscene film in violation of Sec. 43.21 of the Texas Penal Code. The court assessed his punishment at three days in jail and a $250.00 fine.

Section 43.21 provides:

(a) In this subchapter:

(1) "Obscene" means material or a performance that:

(A) the average person, applying contemporary community standards, would find that taken as a whole appeals to the prurient interest in sex;

(B) depicts or describes:

(i) patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, including sexual intercourse, sodomy, and sexual bestiality; or

(ii) patently offensive representations or descriptions of masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human genital organs; and

(C) taken as a whole, lacks serious literary, artistic, political, and scientific value.

\*     \*     \*     \*     \*     \*

(4) "Patently offensive" means so offensive on its face as to affront current community standards of decency.

In his first ground of error, the appellant contends that the criminal information charging him with the crime of promotion of an obscene film violated his constitutional rights to due process, arguing that because the word "sodomy" was not qualified or defined, the charging instrument did not put him on notice of what form of sodomy was allegedly depicted. The information charged the appellant with promotion of an obscene film entitled "Two-Way Butt Fuck." Since the name of the film described one particular form of sodomy, the criminal information adequately informed the defendant of the allegedly obscene acts depicted in the film. *Taylor v. State*, 625 S.W.2d 839 (Tex.App.—Houston [14th Dist.] 1981). The appellant's first ground of error is denied.

In his second ground of error, the appellant contends that the statutory definition of obscenity is void for vagueness because it fails to define "prurient interest in sex." The lack of a statutory definition for the term "prurient interest in sex" does not render the statute constitutionally deficient. *Fletcher v. State*, 633 S.W.2d 895 (Tex.Cr.App.1982); *Red Bluff Drive-In, Inc. v. Vance*, 648 F.2d 1020, 1029 (5th Cir. 1981), cert. denied, —— U.S. ——, 102 S.Ct. 1264, 71 L.Ed.2d 453. The term has been interpreted by our courts and by our legislature as meaning "a shameful or morbid interest in nudity, sex or excretion that goes substantially beyond customary limits of candor in description or representation of such matters." Cf. *Fletcher v. State, supra; Andrews v. State*, 639 S.W.2d 4 (Tex. App.—Houston [1st Dist.] 1982). Since the statute does not specifically provide a definition for this term, we assume that the trial court correctly followed this interpretation. The appellant's second ground or error is overruled.

In his third ground of error, the appellant contends that the statute is invalid because it defines "patently offensive" in terms of community standards of "decency" rather than community standards of "tolerance."

This court must sustain the constitutionality of a statute unless its invalidity is

apparent beyond a reasonable doubt, *Guinn v. State,* 551 S.W.2d 783 (Tex.Civ.App.—Austin 1977, writ ref'd n. r. e.); *Vernon v. State,* 406 S.W.2d 236 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n. r. e.); *State v. City of Austin,* 160 Tex. 348, 331 S.W.2d 737 (1960); and if the language of the statute is ambiguous, the court will adopt the reasonable interpretation which will render it constitutional. *State v. Shoppers World, Inc.,* 380 S.W.2d 107 (Tex.1964); *Newsom v. State,* 372 S.W.2d 681 (Tex.Cr.App.1963).

However, if the language of a statute is unambiguous, and its meaning is clear, the statute must be construed and given effect according to its terms. In the instant case, the legislature used a simple term of plain and unambiguous meaning, and this court must limit its interpretation to the exact words used. *Brantley v. Phoenix Insurance Co.,* 536 S.W.2d 72 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd); *Second Injury Fund v. Keaton,* 162 Tex. 250, 345 S.W.2d 711 (1961). It will be presumed that the trial court followed these same rules of construction.

Section 43.21(a)(4) has not been judicially construed by the United States Supreme Court or by the highest courts of this State. This section was considered by the Fifth Circuit Court of Appeals, but, applying the abstention doctrine, that court declined to rule on its constitutionality. *Red Bluff Drive-In, Inc. v. Vance,* 648 F.2d 1020 (5th Cir. 1981), cert. denied, —— U.S. ——, 102 S.Ct. 1264, 71 L.Ed.2d 453 (1982). However, the court in *Red Bluff,* citing *Smith v. United States,* 431 U.S. 291, 97 S.Ct. 1756, 52 L.Ed.2d 324 (1977), did state that "the line between protected expression and punishable obscenity must be drawn at the limits of a community's *tolerance* rather than in accordance with the dangerous standards of propriety and taste." (emphasis added) 648 F.2d at 1029.

Accordingly, it has been left to the courts of this State to determine, under the guidance of *Red Bluff* and *Smith,* whether Sec. 43.21(a)(4), by employing the word "decency," requires the depicted conduct to be judged on the impermissible standard of "propriety and taste," as opposed to the correct "minimum standard of conduct the community is willing to tolerate." 648 F.2d at 1029. Heeding the precept of the Federal Court in *Red Bluff,* this court has held that an instruction to a jury on the basis of community standards of decency constituted reversible error. *Andrews v. State, supra.*

The word "decency" is one of common use, and because Sec. 43.21(a)(4) does not specially define the word, it must be given its natural, ordinary, and familiar meaning. *United States v. 525 Co.,* 342 F.2d 759 (5th Cir. 1965); *Ely v. State,* 582 S.W.2d 416 (Tex.Cr.App.1979); *Texas & P. Ry. Co. v. Railroad Commission,* 105 Tex. 386, 150 S.W. 878 (1912). Therefore, it was the duty of the trial court, as it is the obligation of this court, to use and apply the word according to its natural meaning. *Byke v. City of Corpus Christi,* 569 S.W.2d 927 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.); *Winder v. King,* 1 S.W.2d 587 (Tex. Comm'n App. 1928, holding approved), and we assume that the trial court so applied the word in judging the allegedly obscene material.

The State agrees that the words "decency" and "tolerance" are not interchangeable, and that the words have different meanings. However, the State contends that community "tolerance" is only one of several factors to be considered in deciding whether allegedly obscene material is an affront to community standards of decency, arguing, in essence, that in order to convict, the trier of fact need only find that the material would not be considered "decent" by the average person in the community.

■ We recognize that there is respectable authority tending to support the State's position. *Cf. Shelton v. State,* 640 S.W.2d 649 (Tex.App.—Houston [14th Dist.] 1982); *Garcia v. State,* 633 S.W.2d 611 (Tex.App. —El Paso 1982). However, we have decided that the federal court decisions in *Red Bluff* and *Smith* require that a trier of fact judge the allegedly obscene material on the basis of community standards of tolerance, not decency, and we hold unconstitutional

that portion of Sec. 43.21(a)(4) which permits the allegedly obscene material to be judged on community standards of "decency."

Sec. 43.21(3) provides that, if any portion of the Act is declared unlawful, such declaration will not invalidate any other portion of the statute. Because the statute contains a severability clause, the partial invalidity of a portion of Sec. 43.21(a)(4) does not necessarily render the remainder of the paragraph void. *Gerst v. Nixon,* 411 S.W.2d 350 (Tex.1966).

By striking the words "of decency" from the end of the paragraph set forth as Sec. 43.21(a)(4), we find that the remaining portion of the paragraph is complete in itself and is capable of being executed in accordance with the apparent legislative intent, independently of the rejected portion. Accordingly, it is our duty to sever the unconstitutional portion and to sustain the remainder, *Ex Parte Rubin,* 362 S.W.2d 331 (Tex.Cr.App.1962), and this, indeed, would be our duty even if the statute did not contain a severability clause. *Salas v. State,* 365 S.W.2d 174 (Tex.Cr.App.1963), appeal dismissed for want of substantial question, 375 U.S. 15, 84 S.Ct. 96, 11 L.Ed.2d 45.

For the reasons previously stated, it must be assumed that the trial court, sitting as the trier of fact, judged the depicted conduct on the basis of community standards of decency rather than of tolerance. Therefore, the appellant's third ground of error is sustained, and the cause is remanded for a new trial.

Upon further proceedings, the trier of fact should ascertain, not from his or her own personal, social, or moral opinion, but from an objective determination, whether the allegedly obscene material is unacceptable to the average person in the community. If the material does not meet the current level of tolerance of the contemporary adult community with respect to material depicting or describing sexual conduct, it may be found to be "patently offensive" within the meaning of the statute. If the trier of fact further finds that the material, taken as a whole, appeals to a prurient interest in sex, and lacks serious literary, artistic, political or scientific value, the material should be found to be obscene within the meaning of the statute.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.