**Michael Wayne HOYLE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–81–664CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 16, 1982.

Rehearing Denied Jan. 13, 1983.

Discretionary Review Granted
April 6, 1983.

Clyde F. DeWitt, III, Houston, for appellant.

Alvin M. Titus, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MILLER, JJ.

J. CURTISS BROWN, Chief Justice.

Appeal is taken from a conviction for promotion of obscenity. The jury found Michael Wayne Hoyle (Hoyle or appellant) guilty as charged in the information. Punishment was assessed by the court at twenty days in jail and a $1,500.00 fine. Hoyle challenges the sufficiency of the charging instrument, the constitutionality of Tex.Penal Code Ann. §§ 43.21, 43.23 (Vernon Supp.1982–1983), and the adequacy of the court's charge to the jury. We affirm.

Two Houston police vice officers entered the Adonis News Stand at 4009 Hollister, Houston, Harris County, Texas, on May 5, 1981. One of the officers subsequently selected a magazine off the rack. The officer took the magazine to the appellant, who was working the counter, and paid him for it. The officer then left the store and went to his vehicle to wait for his partner. When his partner returned to the vehicle, the two officers viewed the magazine and determined that it was obscene. The officers then returned to the store to learn the identity of the appellant.

In his fifth and sixth grounds of error, appellant contends the trial court erred in failing to quash the information. Specifically, he argues the information failed to charge him with an offense because it alleged that the magazine in question "depicts patently offensive *representation* of actual and simulated sexual intercourse and sodomy," while the statute speaks in terms of "patently offensive *representations.*" Further, he urges the word "sodomy", as used in the information, was insufficient to put him on notice of the charges against him.

The information charges the appellant did "unlawfully and knowing the content and character of the material, intentionally sell to J.W. PRICE obscene material, namely, a magazine entitled, SWEET AND SOUR, which depicts patently offensive representation of actual and simulated sexual intercourse and sodomy."

■ The test for granting a motion to quash is whether the charging instrument fairly informs the accused of the charges against him and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *See Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr.App. 1981).

■ The information charges the appellant with promotion of obscenity through the sale of a magazine. Whether the magazine depicts one or more obscene representations is an evidentiary matter which does not go to the appellant's act of promoting the material. Further, use of the term "sodomy" in an information is sufficient to put the accused on notice of the acts alleged to be obscene. *See Taylor v. State*, 625 S.W.2d 839 (Tex.App.—Houston [14th Dist.] 1982, no pet.). Additionally, the information in the present case would serve as an adequate bar to future prosecutions. The statute provides for several different "promotion" offenses. The information alleges only one of the ways obscene material may be promoted, *i.e.*, by sale. Therefore, only one offense has been alleged, and an acquittal or conviction in the case would adequately serve as a bar to future prosecutions for promotion of this particular magazine. Appellant's fifth and sixth grounds of error are overruled.

In his second ground of error, appellant contends the trial court erred in overruling his motion to quash the information because the underlying statute, Tex.Penal Code Ann. § 43.21 (Vernon Supp.1982–1983), is unconstitutional. He argues the statute is unconstitutional because the term "patently offensive" is defined in terms of community standards of "decency."

■ This court has previously addressed this issue and has held § 43.21 to be constitutional. *Shelton v. State*, 640 S.W.2d 649 (Tex.App.—Houston [14th Dist.] 1982, no pet.). We recognize that a conflict does exist in this State on this issue. *See Sanders v. State*, 649 S.W.2d 59 (Tex.App.—Houston [1st Dist.] 1982, pet. granted); *Stonelake v. State*, 638 S.W.2d 619 (Tex. App.—Houston [1st Dist.] 1982, pet. granted); *Andrews v. State*, 639 S.W.2d 4 (Tex. App.—Houston [1st Dist.] 1982, pet. granted). However, we adhere to our decision in *Shelton*. Appellant's second ground of error is overruled.

In his fourth ground of error, appellant attacks the constitutionality of Tex.Penal Code Ann. § 43.23 (Vernon Supp.1982–1983). Specifically, he argues § 43.23(e) infringes on constitutionally protected rights of free expression.

This court has previously upheld the constitutionality of § 43.23(e). *Moses v. State*, 633 S.W.2d 585 (Tex.App.—Houston [14th Dist.] 1982, no pet.); *See also Sanders*, 649 S.W.2d 59 (First Court of Appeals decision upholding the constitutionality of § 43.23(e)). We are therefore limited to determining the validity of the statute as applied to the record before us.

■ The validity of a permissive presumption is called into question if, under the facts of the case, there is no rational way the trier of fact could make the connection permitted by the inference. *See Moses*, 633 S.W.2d at 586. As applied to the facts of this case, the presumption that appellant had knowledge of the content and character of the material in question is entirely rational. The basic facts giving rise to the presumption are: (1) a person promotes, (2) obscene material, (3) in the course of business. The evidence shows the appellant was working in an "adult" bookstore at the time he sold the magazine in question to an undercover police officer. The front and back covers of the magazine, which was wrapped in clear cellophane, depict acts of oral sodomy. The magazine was admitted into evidence. A jury certainly could determine the appellant knew

the content and character of the magazine even without the aid of the presumption. *See McMahon v. State,* 630 S.W.2d 730 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). Appellant's fourth ground of error is overruled.

■ In appellant's first ground of error, he contends the trial court erred in refusing a requested instruction expressly excluding children from the jury's determination of the average person of the community. Specifically, he argues the jury should have been instructed that only adults were to be considered in determining the average person in the community.

The jury was charged in pertinent part, " 'Obscene' means material or a performance that: (A) the average person, applying contemporary community standards, would find that taken as a whole, appeals to the prurient interest in sex . . . ." Appellant requested an instruction that: "The 'average person' as referred to in these instructions is the average adult person in this community. You may not arrive at a determination of the average by including minors in your calculations."

Appellant relies on *Pinkus v. United States,* 436 U.S. 293, 98 S.Ct. 1808, 56 L.Ed.2d 293 (1978) and *United States v. Bush,* 582 F.2d 1016 (5th Cir.1978) in support of his position. In *Pinkus,* the court expressly charged the jury to consider "children" in determining the relevant community. In *Bush,* the court expressly charged the jury to consider "young and old" in determining the relevant community. In both cases, the court held the instruction was error because it allowed the jury to consider children.

The holdings in *Pinkus* and *Bush* were further explained in *United States v. Sanders,* 592 F.2d 788 (5th Cir.1979). In *Sanders,* the jury was instructed that obscenity was to be judged according to whether the material in question appealed to "the prurient interest of the average person of the community as a whole. . . ." The jury was further instructed, "[w]hether the predominant theme or purpose of the material is an appeal to the prurient interest of the 'aver-age person of the community as a whole' is a judgment which must be made in light of contemporary standards as would be applied by the average person with an average and normal attitude toward, and an average interest in, sex." The court held this instruction adequately avoided the danger that "the adult population [will be reduced] to reading only what is fit for children." *Sanders,* 592 F.2d at 796 (citing *Bush* ).

The appellants in *Sanders* argued *Pinkus* and *Bush* required the trial court to expressly instruct the jury not to consider children in determining the contemporary standards of the average person of the community as a whole. The *Sanders* court rejected the argument, saying it was based on an expansive reading of *Pinkus* and *Bush.*

These cases clearly indicate the court's charge should not direct the jury to consider children in determining the relevant community. The court's charge in the instant case does not do so and it adequately directs the jury's consideration to adults. Appellant's first ground of error is overruled.

■ In his third ground of error, appellant contends the trial court erred in charging the jury that, " '[p]atently offensive' means so offensive on its face as to affront current community standards of decency." Specifically, he argues the jury should have been given a requested instruction defining "patently offensive" in terms of community "tolerance." We are called upon to decide whether the legislature intended that material which affronts current community standards of decency is material which the community will not tolerate.

Tex.Penal Code Ann. § 43.21(a)(1) (Vernon 1982–1983) establishes the basic guidelines for the trier of fact in obscenity cases. These guidelines are drawn in language almost identical to that found in *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). Section 43.21(a)(4) defines "patently offensive" as "so offensive on its face as to affront current community standards of decency." In *Miller,*

413 U.S. at 31, 93 S.Ct. at 2618, the jury was instructed that in determining whether the material "goes beyond customary limits of candor and affronts contemporary community standards of decency," it was to apply "contemporary community standards of the State of California." Although the *Miller* court did not address the "decency" versus "tolerance" issue, it spoke of materials which are tolerable in terms of materials which are in accordance with "local *tastes*." *Miller,* 413 U.S. at 32, fn. 13, 93 S.Ct. at 2619, fn. 13. Therefore, we believe it was the legislature's intent that materials which *affront* community standards of decency are materials which the community will not tolerate. The instruction given in the instant case adequately protected appellant's rights. Appellant's third ground of error is overruled.

The judgment of the trial court is affirmed.