Michael Wayne HOYLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 154–83.

Court of Criminal Appeals of Texas, En Banc.

July 3, 1984.

Clyde F. DeWitt, III, Houston, John H. Weston, Beverly Hills, Cal., for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, David Mitcham and Russell Lloyd, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON COURT'S MOTION FOR REHEARING

TEAGUE, Judge.

All prior opinions in this cause are withdrawn.

On May 9, 1984, this Court handed down its decision in *Shealy v. State*, —— S.W.2d —— (Tex.Cr.App.1984), in which the defendant, a store clerk, had been convicted of promoting obscenity by selling a magazine which was alleged to be obscene to an undercover police officer. Therein, we stated the following:

> If we were not clear before, we unequivocally hold today that when the promoted material is protected by the provisions of the First Amendment to the Federal Constitution, or by the provisions of Art. 1, Section 8, of the Texas Constitution, and the trial court errs by instructing the jury that the prosecution may establish through the use of the statutory presumption that the accused had knowledge of the content and character of the promoted material, such cannot ever be harmless error.

Previously, on April 4, 1983, this Court granted the petition for discretionary review that was filed on behalf of Michael Wayne Hoyle, appellant, in order to make the determination whether the Court of Appeals, see *Hoyle v. State*, 650 S.W.2d 97 (Tex.App.—Houston [14th] 1983), correctly held that error in the trial court's charge, which resulted because of an instruction to the jury on the presumption provided by

V.T.C.A., Penal Code, Section 43.23(e),[1] was, under the facts of the case, harmless.

On December 21, 1983, this Court handed down an opinion in this cause reversing the decision of the Court of Appeals. We held, relying upon *Davis v. State*, 658 S.W.2d 572 (Tex.Cr.App.1983), that the presumption provided by Section 43.23(e), supra, had been unconstitutionally applied in the charge to the jury.

However, on January 25, 1984, we granted the State's motion for rehearing. On February 22, 1984, we handed down another opinion and withdrew the opinion dated December 21, 1983. We held, with one judge filing a lone dissenting opinion, that the invocation and application of the presumption in the court's charge to the jury was not necessary to support the conviction; thus, such error in the charge to the jury was harmless to the defendant.

Soon thereafter, on April 25, 1984, this Court denied appellant's motion for rehearing, and the mandate of this Court issued.

On May 23, 1984, appellant, through counsel, presented to us a motion to stay or recall this Court's mandate, so that he could petition the United States Supreme Court for writ of certiorari. We did not act on the motion; instead, we decided on our own motion to review our decision of February 22, 1984.

Having done so, we have determined that our decision that was handed down on February 22, 1984, on State's motion for rehearing, which held that the error in the charge, which resulted when the trial court instructed the jury it could find appellant guilty by applying the presumption provided by Section 43.23(e), supra, was harmless is in conflict with what we stated in *Shealy v. State*, supra, because the facts of this cause clearly reflect that the material promoted by the appellant, a magazine, was

---

1. V.T.C.A., Penal Code, Section 43.23(e) provides, as applied to the facts of this cause, the following:

   A person who promotes or wholesale promotes obscene material ... or possesses the same with intent to promote or wholesale promote it in the course of his business is presumed to do with knowledge of its content and character.

presumptively protected by the constitutions.

Thus, under *Davis v. State*, supra, the trial court committed error when it instructed the jury that it could find appellant guilty solely by applying the above presumption, and under our holding in *Shealy v. State*, supra, such error cannot be harmless.

Therefore, we reverse the judgment of the Court of Appeals, and remand the cause to the trial court for a new trial.[2]

NO MOTIONS FOR REHEARING WILL BE ENTERTAINED.

ONION, P.J., and T. DAVIS and W.C. DAVIS, JJ., not participating.

2. What we have stated today, and what we stated in *Shealy v. State*, supra, do not conflict with what we stated *Hall v. State*, 661 S.W.2d 101 (Tex.Cr.App.1983), because in *Hall v. State*, id., the objects which were promoted by the defendant in that cause were dildos, which are not constitutionally protected. Because dildos are not constitutionally protected, it was permissible for the trial court to invoke and apply in the court's charge the presumption provided by Section 43.23(e), in conjunction with V.T.C.A., Penal Code, Section 2.05.