**Myra Cynthia FORD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–87–01126–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 2, 1988.

Discretionary Review Refused
Oct. 19, 1988.

Rokki Ford Roberts, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, J. Harvey Hudson, Asst. Dist. Atty., Harris, for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

## OPINION

DUNN, Justice.

Pursuant to a plea bargain, appellant pleaded nolo contendere to a charge of selling obscene materials. The trial court found appellant guilty and sentenced her to three days confinement in the Harris County jail and a fine of $500.

We affirm.

In both her points of error, appellant argues that the trial court erred in denying her pretrial motion to quash. Appellant contends, in her first point of error, that "the statute" (presumably Texas Penal Code, chapter 43, subchapter B (the "Texas Obscenity Statute") (Vernon 1988)) violated the first and fourteenth amendments of the U.S. Constitution. In her motion to quash, however, appellant failed to state the portions of the statute that she believed to be unconstitutionally vague. In fact, the only portion of the statute to which she specifically referred was Tex.Penal Code Ann. art. 43.21(a)(1)(A) (Vernon 1988). In her brief on appeal, appellant presents this Court with a general synopsis of first amendment law, but fails to enumerate what part of the Texas Obscenity Statute is vague, either in itself or as applied in the instant case, nor does appellant detail for this Court a risk or detriment to which she has been exposed without fair warning. Appellant presents nothing for this Court to review.

The Texas Court of Criminal Appeals has held that the specific portion of the statute found in article 43.21(a)(1)(A) is not unconstitutionally vague (in its use of the terms "prurient interest" and "patently offensive"). Andrews v. State, 652 S.W.2d 370, 382 (Tex.Crim.App.1983). Furthermore, Texas' courts of appeals have resolved the issue of article 43.21(a), as a whole, in favor of its constitutionality: Hoyle v. State, 650 S.W.2d 97, 99 (Tex.App.—Houston [14th Dist.] 1982), rev'd on other grounds, 672 S.W.2d 233 (Tex.Crim.App. 1984); Hall v. State, 646 S.W.2d 489, 491 (Tex.App.—Houston [1st Dist.] 1982), rev'd on other grounds, 661 S.W.2d 101 (Tex. Crim.App.1983); Shelton v. State, 640 S.W. 2d 649, 654 (Tex.App.—Houston [14th Dist.] 1982, no pet.); and Coberly v. State, 640 S.W.2d 428, 430 (Tex.App.—Fort Worth 1982), pet. ref'd per curiam, 644 S.W.2d 734 (Tex.Crim.App.1983). These cases are persuasive authority for finding article 43.21(a) constitutional, especially in light of the fact that appellant fails to enumerate a specific example of how the statute operates against her, or in general, in an unconstitutional fashion.

Perhaps the closest thing in appellant's brief to an argument for finding the statute unconstitutional is her contention that "criminal statutes or ordinances penalizing 'pure speech' (as opposed to conduct alone, or conduct accompanied by speech) are necessarily subject to the most rigorous standard of First and Fourteenth Amendment review." (Citations and emphasis omitted.) Implicit in this statement is the idea that, because a statute criminalizing true speech is subject to the strictest of scrutiny, a court should require less to be persuaded of its unconstitutionality. This particular rule of law, however, is not applicable to the instant case. The State charged appellant with possession "with intent to sell an obscene device, namely, seventeen rubber double headed [sic] dildos, knowing the content and character of the device." (Emphasis omitted.) A dildo

is not an example of pure speech and, therefore, is not protected by the first amendment. *Hoyle v. State,* 672 S.W.2d 233, 235 n. 2 (Tex.Crim.App.1984) (holding that dildos are not constitutionally protected).

■ Attacks may yet be levelled at this statute, complaining of its unconstitutionality in specific applications. However, because appellant has failed to enumerate a single example of an unconstitutional application, we hold that the presumption of the statute's constitutionality remains unrebutted. *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim.App.1978); *Broyles v. State,* 552 S.W.2d 144, 148 (Tex.Crim.App.1977).

We overrule appellant's first point of error.

In her second point of error, appellant appears to raise a two-pronged attack on the trial court's decision to deny her motion to quash. First, appellant argues that the recent decision in *Pope v. Illinois,* —— U.S. ——, 107 S.Ct. 1918, 95 L.Ed.2d 439 (1987), represents such a substantial departure from the guidelines contained in the landmark decision of *Miller v. California,* 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973), that it has rendered the Texas Obscenity Statute, which was patterned on the *Miller* guidelines, unconstitutional. Second, appellant appears to argue that the evidence in the instant case was insufficient to support her conviction because the State failed to obtain a judicial determination that the "magazine" was statutorily obscene. [*N.B.:* In fact, appellant was not charged in the instant case with sale of any literature. Appellant was charged with possession with intent to sell 17 rubber, double-headed dildos. However, because appellant's attorney has chosen to use a generic brief in a multitude of different cases, involving different appellants, his argument on appeal does not comport with the facts of this case.]

■ Addressing as an initial matter the latter of appellant's two arguments, we observe that she pleaded *nolo contendere* pursuant to a plea bargain, the terms of which were followed by the trial court. Appellant did not raise this particular argument, nor even an argument similar to it, however, in her motion to quash, nor did she obtain the trial court's permission to argue so on appeal. This configuration of circumstances renders this Court jurisdictionally unable to address appellant's argument. Tex.Code Crim.P.Ann. art. 44.02 (Vernon 1979); *Morris v. State,* 749 S.W.2d 772, 774 (Tex.Crim.App.1986) (not yet reported); *Galitz v. State,* 617 S.W.2d 949, 951–52 (Tex.Crim.App.1981); *Prochaska v. State,* 587 S.W.2d 726, 727–29 (Tex.Crim. App.1979).

Turning to her remaining attack on the trial court's decision to deny her motion to quash, we believe that appellant's reliance on *Pope v. Illinois,* 107 S.Ct. at 1918, is misplaced. In *Miller v. California,* 413 U.S. at 25–26, 93 S.Ct. at 2615–2616, the United States Supreme Court held that if state legislatures would observe the following guidelines when drafting their obscenity statutes, the resulting statutes would not conflict with the first and fourteenth amendments:

(a) whether "the average person, applying contemporary community standards" would find that the work, taken as a whole, appeals to the prurient interest ...;

(b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and

(c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

(Citations omitted.)

The Texas Obscenity Statute defines the term "obscene" as follows:

"Obscene" means material or a performance that:

(A) the average person, applying contemporary community standards, would find that taken as a whole appeals to the prurient interest in sex;

(B) depicts or describes:

(i) patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated, including sexual inter-

course, sodomy, and sexual bestiality; or

(ii) patently offensive representations or descriptions of masturbation, excretory functions, sadism, masochism, lewd exhibition of the genitals, the male or female genitals in a state of sexual stimulation or arousal, covered male genitals in a discernibly turgid state or a device designed and marketed as useful primarily for stimulation of the human genital organs; and

(C) taken as a whole, lacks serious literary, artistic, political, and scientific value.

Article 43.21(a)(1).

Thus, the Texas Obscenity Statute adopts the same three-pronged approach recommended in *Miller v. California*, 413 U.S. at 25–26, 93 S.Ct. at 2615–2616. Appellant argues, however, that in *Pope v. Illinois*, 107 S.Ct. at 1921, the Supreme Court repudiated the "contemporary community standards" language altogether, and that the Texas statute is, therefore, unconstitutional.

 This argument is incorrect. *Pope v. Illinois* held that it is improper to take the "average person, applying contemporary community standards" language from the first prong and insert it into the value test of the third prong. *Id.* In other words, a jury is not to determine a work's "literary, artistic, political, and scientific value" by the community's standards as perceived by an average person. It is obvious from a reading of the Texas Obscenity Statute that the type of error addressed by *Pope v. Illinois* is not present in article 43.21(a)(1).

 In no part of *Pope v. Illinois* does the Supreme Court suggest that the *Miller v. California* test has been discarded. Indeed, in his concurrence, Justice Scalia voices his opinion that "[a]ll of today's opinions ... display the need for reexamination of *Miller*." *Miller v. California*, 107 S.Ct. at 1923 (Scalia, J., concurring). We conclude that the meaning of this statement is that, until *Miller v. California* is reexamined, it remains good law. And, as long as *Miller v. California* is good law,

the Texas Obscenity Statute, being based thereon, remains valid.

We overrule appellant's second point of error.

We affirm the judgment of the trial court.