**Noe REGALADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–93–00022–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 13, 1994.

Discretionary Review Refused May 18, 1994.

---

Gerald E. Hopkins, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

LEE, Justice.

A jury found appellant guilty of possession of obscene devices with the intent to sell. The court sentenced appellant to thirty days in jail and fined him $250. We affirm.

On September 22, 1992, Officer Steven Andrews, of the Houston Police Department, went to After Hour News, a store where appellant was a clerk. As part of an undercover operation, Officer Andrews entered the adult establishment to look for possible obscenity violations. After observing a product called a Flexi-lover, Officer Andrews asked appellant if it was for sale. He then asked if he could examine it, which he did. After determining that the product fit the characteristics of an obscene device and noticing an illegal amount of the devices on the premises, Officer Andrews exited the store and informed his partner of the violations. The officers then returned to the store and arrested appellant and seized seventeen Flexi-lovers.

Appellant was convicted under section 43.-23(c)(1) of the Texas Penal Code for possessing with intent to sell obscene devices. A person commits an offense if, knowing its content and character, he promotes or possesses with the intent to promote any obscene device. TEX.PENAL CODE ANN. § 43.-23(c)(1) (Vernon 1989). A person possessing six or more obscene devices is presumed to possess them with the intent to promote. TEX.PENAL CODE ANN. § 43.23(f) (Vernon 1989). "Promote" includes the selling, exhibiting, presenting, advertising, or offering to sell obscene devices. TEX.PENAL CODE ANN. § 43.21(a)(5) (Vernon 1989). "Obscene device" is defined as "a device including a dildo or artificial vagina, designed or marketed as useful primarily for the stimulation of human genital organs." TEX.PENAL CODE ANN. § 43.21(a)(7) (Vernon 1989).

In his first point of error, appellant contends that section 43.21(a)(7) and section 43.-23(c)(1) of the Texas Penal Code are overbroad and therefore unconstitutional. Appellant argues that the statutes, without justification, criminalize the conduct of physicians, psychologists, and therapists who *promote the use* of these allegedly obscene devices in the course of medical and therapeutic treatment, and infringe upon the First Amendment rights of those seeking to *use* the devices and the right to privacy protected by the federal and state constitutions.[1]

■ The Supreme Court has not recognized an "overbreadth" doctrine outside the limited context of the First Amendment. *United States v. Salerno,* 481 U.S. 739, 741, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987). Appellant's argument is premised on the belief that a fundamental right to sexual privacy exists under the constitution. Citing *Carey v. Population Serv. Int'l,* 431 U.S. 678, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1977); and *Texas State Employees Union v. Texas Dept. of Mental Health and Mental Retardation,* 746 S.W.2d 203 (Tex.1987), appellant correctly asserts that there is a recognized and constitutionally protected zone of privacy under both the United States and Texas Constitutions. However, we do not agree with appellant that the right to privacy protects the use of or possession with intent to promote obscene devices. The Supreme Court noted in *Carey,* that it has never held that a fundamental right to sexual privacy exists under the constitution. 431 U.S. at 694, n. 17, 97 S.Ct. at 2021 n. 17. Likewise, our Court of Criminal Appeals has held that obscene devices are not within the constitutional protection afforded by the First Amendment. See *Hoyle v. State,* 672 S.W.2d 233 (Tex.Crim. App.1984). See also *Yorko v. State,* 690 S.W.2d 260 (Tex.Crim.App.1985); *Southwick v. State,* 701 S.W.2d 927 (Tex.App.—Houston [1st Dist.] 1985, no pet.). The majority in *Yorko,* in reviewing the facial constitutionality of the statute prohibiting the promotion of obscene devices, did not recognize sexual privacy as a fundamental right. 690 S.W.2d at

267. Indeed, the United States Supreme Court has held that only personal rights that can be deemed "fundamental" or "implicit in the concept of ordered liberty" are included in the guarantee of personal privacy. *Roe v. Wade,* 410 U.S. 113, 152, 93 S.Ct. 705, 726, 35 L.Ed.2d 147 (1972). The right to privacy protects activities relating to marriage, procreation, contraception, motherhood, family relationships, and child rearing and education. *Paris Adult Theatre I v. Slaton,* 413 U.S. 49, 65, 93 S.Ct. 2628, 2639, 37 L.Ed.2d 446, *reh'g denied,* 414 U.S. 881, 94 S.Ct. 27, 38 L.Ed.2d 128 (1973). There is no fundamental right to use obscene devices; therefore, restricting the promotion of such devices does not infringe on any recognized fundamental right. See *Yorko,* 690 S.W.2d at 263–65.

■ Absent a First Amendment contention, appellant can only challenge the unconstitutionality of the statute as it applies to himself in his situation. *See Parent v. State,* 621 S.W.2d 796, 797 (Tex.Crim.App.1981). There is no evidence that appellant was using the device for medical reasons. Appellant's expert witness, Dr. Douglas Mould, testified that he frequently prescribes such devices for his patients suffering from sexual dysfunction. Appellant has not shown that he was such a patient, nor has he shown that he is a health care practitioner. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that the statutory definition of "obscene device," TEX.PENAL CODE ANN. § 43.-21(a)(7) is unconstitutionally vague because dildo is not defined, and whether the "Flexilover" is an obscene device is left to the subjective interpretation of law enforcement. The United States Fifth Circuit Court of Appeals has upheld this portion of the Texas obscenity statute against a challenge that it was vague. *Red Bluff Drive-In, Inc. v. Vance,* 648 F.2d 1020 (5th Cir.1981), *cert. denied,* 455 U.S. 913, 102 S.Ct. 1264, 71 L.Ed.2d 453 (1982). Furthermore, Texas'

---

1. In support of his general argument, appellant relies on cases from the Colorado and Kansas Supreme Courts. See *People v. Seven Thirty–Five East Colfax, Inc.,* 697 P.2d 348 (Colo.1985);

*State v. Hughes,* 246 Kan. 607, 792 P.2d 1023 (1990). Appellant's reliance is misplaced in light of cases on point within this jurisdiction.

courts of appeals have resolved the issue of article 43.21(a), as a whole, in favor of its constitutionality. *Hoyle v. State,* 650 S.W.2d 97, 99 (Tex.App.—Houston [14th Dist.] 1982), *rev'd on other grounds,* 672 S.W.2d 233 (Tex. Crim.App.1984); *Hall v. State,* 646 S.W.2d 489, 491 (Tex.App.—Houston [1st Dist.] 1982), *rev'd on other grounds,* 661 S.W.2d 101 (Tex.Crim.App.1982); *Shelton v. State,* 640 S.W.2d 649, 654 (Tex.App.—Houston [14th Dist.] 1982, no pet.); *Teeters v. State,* 624 S.W.2d 391, 394 (Tex.App.—Corpus Christi 1981, no pet.). Again, "obscene device" is defined as "a device including a dildo or artificial vagina, designed or marketed as useful primarily for the stimulation of human genital organs." TEX.PENAL CODE ANN. § 43.21(a)(7) (Vernon 1989). The word dildo is not defined in the Penal Code. In such case, courts are to read the word in context and construe it according to rules of grammar and common usage. See TEX.GOV'T CODE ANN. § 311.011(a) and (b) (Vernon 1988); *Pettijohn v. State,* 782 S.W.2d 866, 868 (Tex.Crim.App.1989). The word dildo, has been defined as: "a device of rubber, etc., shaped like an erect penis and used as a sexual stimulator," or "an object serving as a penis substitute for vaginal insertion." See *Webster's New World Dictionary* 395 (Second College Ed.1986); *Webster's New Collegiate Dictionary* 317 (1980 Edition). Appellant's own expert testified that Flexi-lovers look like male genitals and are designed to stimulate the human sexual organ. Accordingly, we find that the definition of "obscene device" is not vague. Appellant's second point of error is overruled.

■ In his final point of error, appellant contends that Texas Penal Code § 43.23(f), providing the presumption that a person who possesses six or more obscene devices or identical or similar obscene articles is presumed to possess them with intent to promote the same, violates the First, Fifth, and Fourteenth Amendments to the United States Constitution. We have already determined there is no constitutional right to possess with intent to promote obscene devices. We therefore proceed with appellant's due process complaint.

Texas Penal Code § 2.05 addresses the consequences of presumptions and their submission to juries. In particular, § 2.05(2)(A)–(D) addresses jury instructions. It reads as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

TEX.PENAL CODE ANN. § 2.05(2)(A)–(D) (Vernon Supp.1994).

Presumptions are said to be mandatory or permissive. A permissive presumption allows, but does not require, the trier of fact to infer the elemental or ultimate fact from the proof offered. It places no burden on the accused. A mandatory presumption on the other hand, directs that the elemental or ultimate fact must be found upon proof of the basic fact, unless the accused presents evidence to rebut the presumption. A mandatory presumption is per se violation of the due process rights of the accused, because it impermissibly shifts the burden of proof from the prosecution to the appellant. *County Court of Ulster County v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). See also *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); *Tot v. United States,* 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943); *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Connecticut v. Johnson,* 460 U.S. 73, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

A permissible presumption may also violate an accused's due process rights if there

is no rational connection between the fact proved and the ultimate fact presumed, or if the inference of the one from proof of the other is arbitrary because of a lack of connection between the two in common experience. *Tot v. United States,* 319 U.S. at 467–468, 63 S.Ct. at 1245.

Section 43.23(f), if applied standing alone, could conceivably be construed as a mandatory presumption, thus violating appellant's due process rights. However, in the instant case, after the trial court instructed the jury on the statutory presumption provided by subsection (f), it provided instructions that tracked exactly the language in § 2.05(2)(A)–(D). Furthermore, there is a sufficient connection between the proved fact (that appellant, as sales clerk of an adult book store, was found in possession of 17 dildos), and the presumption (a person who possesses six or more obscene devices is presumed to possess them with intent to promote the same) that would permit subsection (f) to pass constitutional scrutiny. Finally, there is no implication in the charge that appellant had to present any evidence to overcome the statutory presumption. Thus, we find the presumption was not stated to be mandatory or irrebuttable. Instead, the presumption provided by subsection (f) was effectively reduced in this instance, by the charge to the jury, to amount to nothing more than permissible inferences. Appellant's due process rights were not violated. Appellant's final point of error is overruled.

The judgment of the trial court is affirmed.

CURTISS BROWN, Justice, concurring.

Here we go raising the price of dildos again. Since this appears to be the law in Texas I must concur.