**Gayle Lorelei LEAL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–84–554–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 4, 1985.

Michael W. Melton, Houston, for appellant.

John B. Holmes, Dist. Atty., Calvin A. Hartmann, Asst. Dist. Atty., Eleanor Montague McCarthy, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

OPINION

JUNELL, Justice.

Appellant was tried by jury and convicted of aggravated assault. The court assessed punishment at 3 years' confinement, probated. Finding no error, we affirm.

Appellant's first ground of error is that the trial court erred in failing to instruct the jury on the defense of habitation as requested in writing by the defense. A recitation of the facts is necessary.

The complaining witness, Ronnie Lee Ginns, was a Houston City Marshall working part-time as a security guard at an apartment complex in which he lived. At about 9:45 p.m. the night of the incident Ginns responded to a call from the complex manager about a man lying motionless on a sidewalk. After rousing the man, later identified as Jose Leal, appellant's husband, Ginns identified himself as a police officer and proceeded to arrest Leal for

public intoxication. Leal resisted arrest. Appellant and another woman came upon the scene. Appellant got in between Leal and Ginns and begged Ginns not to arrest her husband. A scuffle ensued. Leal, appellant and the woman escaped into a nearby apartment rented by the Leals.

Ginns had the apartment manager call the day-time security guard, Bruce Poe, for assistance. Ginns's girlfriend brought him a bullet-proof jacket. Neither Ginns nor Poe was in uniform, but Ginns had with him his City Marshall identification card. Poe was not a peace officer. Ginns was armed with a .38 caliber pistol stuck into the waistband of his shorts. Poe had a tear gas gun that looked like a .25 caliber pistol.

After discussing the situation with Poe, Ginns knocked on the door of the Leal apartment. Appellant answered and came outside to again plead with Ginns not to take her husband to jail. Poe walked into the apartment uninvited. Appellant followed him. Ginns also entered and attempted to help Poe handcuff Leal, who was sitting on a couch. Appellant pulled a gun out of her purse and ordered Poe and Ginns to undo the handcuffs. The two guards complied. Appellant then told her husband to move from the couch, told Ginns and Poe to sit down on the couch and instructed the other woman to go to the bathroom and "get some things so we can leave." Ginns again identified himself as a police officer and showed appellant his identification card. Poe lunged toward appellant and his tear gas gun went off. Appellant stepped back and aimed her gun at Poe. Ginns pulled his gun and told appellant "to drop it." She did not. Ginns shot her.

■ The only person to testify as to what happened in the apartment that night was Ginns. No defense witnesses were called. Appellant contends that the scenario described by Ginns provides the necessary evidence to support a charge on defense of habitation. In Texas a "person is justified in using force against another when and to the degree the actor reason-ably believes the force is immediately necessary to prevent or terminate the other's trespass." Tex.Penal Code Ann. § 9.41(a) (Vernon 1974). A court need submit a charge on a defensive issue only when the evidence raises a fact issue. *Jones v. State,* 680 S.W.2d 25 (Tex.App.—Houston [1st Dist.] 1984, no pet.). We hold that the instruction was properly excluded because there is no evidence that appellant drew her gun to prevent or terminate a trespass. She drew it to stop an arrest. During cross-examination, Ginns answered the following questions:

Q. And she told you to leave her apartment, is that what she said?

A. No, sir.

Q. She didn't?

A. No, sir.

Q. She didn't tell you to get out of her apartment?

A. No, sir.

Later in cross-examination Ginns twice mentioned that appellant refused to let the two guards leave.

■ Even assuming that the security guards were trespassers and had no legal justification for entering the apartment to arrest on a misdemeanor charge of public intoxication, the evidence does not support a charge on defense of a habitation. The first ground of error is overruled.

■ In her second ground of error appellant complains that the prosecutor commented on the defendant's failure to testify. We hold that the statement was neither a direct comment on the failure to testify nor was it manifestly intended to comment on the appellant's failure to testify. It was not of such character that the jury naturally and necessarily would take it to be a comment on appellant's failure to testify. *Henson v. State,* 683 S.W.2d 702 (Tex.Crim.App.1984) (en banc); *Short v. State,* 671 S.W.2d 888 (Tex.Crim.App.1984) (en banc). The second ground of error is overruled.

Finding no error, we affirm.