**Raymond Stanford SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–90–00449–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 6, 1991.

Rehearing Overruled July 11, 1991.

Discretionary Review Refused
Oct. 2, 1991.

Gerald E. Hopkins, Houston, for appellant.

Roger A. Haseman, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant was charged by information with the misdemeanor offense of obscenity. A jury found him guilty, and the court assessed punishment at a fine of $1,000 and one year's confinement in the Harris County jail, probated. We affirm.

A Houston vice officer, checking for obscenity violations on the Gulf Freeway, observed a bookstore with a large sign in front identifying the establishment as an "Adult Bookstore." The officer went into the bookstore, saw appellant at the counter and observed racks of magazines and video tapes, all sexually explicit. The magazines graphically depicted homosexual and heterosexual conduct. In the store were also video tapes which had sexually explicit scenes on the covers and a collection of paraphernalia used in sexual activity. The covers of the paraphernalia depicted individuals in different sexual acts.

The officer walked over to a book rack where the appellant could see clearly the magazine covers from where he was standing. The officer randomly picked up two magazines while watching the appellant. He was working alone in the store, stacking and counting a large quantity of tokens which were used in the adult arcade area in the back of the bookstore. Customers purchase these tokens from the clerk for admission to the arcade which contains video booths for the display of video movies. Each of the magazines had a moveable sleeve around it, which covered approximately one-third of the magazine, with a clear cellophane wrapping covering the entire magazine. The back cover of both of the magazines depicted a sexually explicit scene. Before he purchased the magazines, the officer took the magazines off the rack, placed the sleeves at the bottom of the magazines, and placed the magazines' front covers on the counter where the appellant was standing. The appellant picked up the magazines, looked at the back covers, turned the magazines over, registered the sale, and then placed the magazines in a brown bag. The officer paid for the magazines and exited the store.

■ In his first point of error, the appellant contends that the complaint and the information in this case were defective because they contained no statement by the affiant that he had personal knowledge of the statements to which he had sworn. The code of criminal procedure states that a complaint is sufficient if it alleges that "the affiant has good reason to believe, and does believe," that the accused has committed an offense against the laws of the state. TEX.CODE CRIM.PROC.ANN. art. 15.-05(2). The complaint here alleges this. There is no requirement that the affiant have first hand knowledge upon which to base his statements since the affiant may base the accusations in the complaint on information obtained from a police report. *Rose v. State*, 799 S.W.2d 381, 384 (Tex. App.—Dallas 1990, no pet.). Appellant's first point of error is overruled.

■ In his second and third points of error, the appellant claims that the trial court erred in denying his motions to quash the complaint and the information because the complaint fails to identify the affiant or the person administering the oath. Appellant's complaint is predicated on the fact that it is difficult to read the signatures of the affiant and the assistant district attorney. He thus claims that the complaint and indictment are defective. There is no requirement in the statute that the signatures be legible. *See* TEX.CODE CRIM.PROC. ANN. art. 15.05(4). There is also no requirement in the code that the complaint identify the person administering the oath. Since the complaint complies with the requisites of art. 15.05, the trial court properly denied the motion to quash. *Gholson v. State*, 667 S.W.2d 168, 177 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). Appellant's second and third points of error are overruled.

■ In his fourth and fifth points of error, appellant claims that the trial court erred in denying his motion to quash because both the complaint and information are ambiguous in the manner in which the magazines are named and fail to describe adequately the personal property alleged to be obscene. The two magazines were given one long title in the allegations instead of two separate titles. Appellant's argument is without merit. The only difference between the long title and the two separate titles is the introduction of the word "and" in the middle. The appellant was given proper notice of the charges against him. Even if the language failed to give appellant proper notice, reversible error occurs only if the failure had an impact on appellant's ability to prepare a defense and then only if the impact was significant. *See Adams v. State,* 707 S.W.2d 900, 903 (Tex.Crim.App.1986). Here no harm was shown.

■ Appellant also argues that his motions to quash should have been granted because neither the complaint nor the information contained any allegation of ownership, or that the ownership is unknown. Personal property shall be identified by name, kind, number, and ownership, unless unknown, in which event that fact shall be so stated. TEX.CODE CRIM.PROC.ANN. art. 21.09. A description given in an information fulfills the statutory requirement and suffices to notify the appellant of the charge against him where it describes generically the kind of property alleged to have been sold by the appellant, the number alleged to have been sold, and the name of the material. *McMahon v. State,* 630 S.W.2d 730, 734–35 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd), *overruled on other grounds, Davis v. State,* 658 S.W.2d 572, 580 (Tex.Crim.App.1983). The allegations contained in the complaint and in the information are legally sufficient. Appellants fourth and fifth points of error are overruled.

■ Appellant's sixth point of error alleges that the trial court erred in denying his motion to quash because the complaint and information failed to charge the act alleged to be obscene. Appellant argues the complaint and information should have alleged the manner and means in which the magazines were obscene or the acts that made the magazines obscene. Appellant was not charged with committing any obscene act but rather was charged with committing the criminal offense of commercial obscenity by selling two obscene magazines. *See Barnhart v. State,* 648 S.W.2d 696, 698 (Tex.Crim.App.1983). The issue is whether the complaint and information here sufficiently apprised appellant of what offense he was accused of committing. *Id.* The charging instrument need not plead the evidence that the state will rely upon to prove its case. *Id.* at 699.

■ The test for granting a motion to quash is whether the charging instrument fairly informs the accused of the charges against him and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hoyle v. State,* 650 S.W.2d 97, 99 (Tex.App.—Houston [14th Dist.] 1982), *rev'd on other grounds,* 672 S.W.2d 233 (Tex.Crim.App. 1984). Where the information charges appellant with promotion of obscenity through the sale of a magazine, whether the magazine depicts one or more obscene representations is an evidentiary matter which does not go to appellant's act of selling the material. *Id.* Only appellant's act of selling the magazines is involved here. Appellant's sixth point of error is without merit and is overruled.

Appellant's brief omits his seventh point of error. Therefore, there is nothing to consider.

■ In his eighth point of error, appellant claims that there is insufficient evidence that the defendant knew the content and character of the material alleged to be obscene. The standard for reviewing the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.

App.1989). This standard is applied to both direct and circumstantial evidence. *Chambers v. State,* 711 S.W.2d 240, 245 (Tex. Crim.App.1986). The appellate court ensures only the rationality of the fact finder and serves as a due process safeguard. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Crim.App.1989). Here, appellant had been working for the bookstore as a clerk for at least one year. The appellant looked at the back covers of magazines depicting explicit sexual scenes when he sold them and appeared to be in sole and exclusive control of the bookstore. Viewing the evidence in the light most favorable to the verdict, it is clear that a rational trier of fact could have found beyond a reasonable doubt that appellant knew the content and character of the magazines he sold to the vice officer. *See Nickerson v. State,* 782 S.W.2d 887, 890 (Tex.Crim.App.1990). Appellant's eighth point of error is overruled.

In his ninth point of error, appellant contends that the trial court erred in overruling his requested instruction that the appellant could have been mistaken in his belief as to whether the magazines were obscene. A court need not submit a charge on a defensive issue which was never raised. *Hayes v. State,* 728 S.W.2d 804, 807 (Tex.Crim.App.1987); *Leal v. State,* 690 S.W.2d 82 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). There is no evidence to support this contention. Appellant's ninth point of error is overruled.

In his tenth point of error, the appellant argues that the jury was improperly instructed because the offense was not properly charged in the information. The appellant relies on his sixth point of error. As above, specific acts are not required to be alleged in the complaint or information. The charge does not need to include the manner and means in which the magazines were obscene or the acts that made the magazines obscene. *See* TEX.R.CIV.P. 277. This point of error also has not been preserved for review. Thus harm to the appellant must be so egregious that appellant was denied a fair and impartial trial. *Gibson v. State,* 726 S.W.2d 129, 133 (Tex. Crim.App.1987). *Almanza v. State,* 686

S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g), *cert. den'd,* 481 U.S. 1019, 107 S.Ct. 1901, 95 L.Ed.2d 507 (1987). The error here, if any, was harmless. Appellant's tenth point of error is overruled.

In his eleventh point of error, the appellant claims that the trial court erred in admitting evidence obtained from the First Court of Appeals without proper authority and without notice and hearing. At the time of trial, the two magazines admitted into evidence were part of a record in another case pending in the First Court of Appeals. The trial court issued an order to that court to release the magazines to the trial court so that they could be used as evidence in appellant's trial. The magazines were released to the State and subsequently admitted into evidence over appellant's objection. Appellant argues that the prosecutor had an *ex parte* hearing with the court in order to procure the order which the court had no jurisdiction to enter because it interfered with the record of a third party.

Appellant cites no law to support his argument. Where a complaint is conclusory, citing no legal authority, nothing is presented for review. *McWherter v. State,* 607 S.W.2d 531, 536 (Tex.Crim.App. 1980). Furthermore, appellant has no standing to complain about the record of another party which came from an appellate court. Appellant's rights were not violated, and the evidence was not obtained as a result of the violation of any constitutional or statutory provision. Appellant's eleventh point of error is overruled.

In his twelfth point of error, the appellant claims that the trial court erred in overruling his motion for acquittal n.o.v. because the evidence was insufficient to prove that the police officer correctly identified the defendant. On direct examination, the officer testified that the appellant had originally been misidentified by name which caused a problem in his arrest. Once the mistake was corrected, the appellant was arrested. The vice officer told the jury that he was "one hundred percent sure" that appellant was the clerk who sold him the magazines. Additionally, the

records show that the appellant was the only clerk working the day of the sale.

The jurors are the exclusive judges of the facts, the credibility to be given the witnesses and the weight to be given to their testimony. *Page v. State*, 690 S.W.2d 102, 105 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). If there is evidence which establishes identification beyond a reasonable doubt which the trier of fact believes, the judgment can not be reversed on insufficiency of the evidence grounds. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.1984), *cert. den'd*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). A rational trier of fact could have found beyond a reasonable doubt that the appellant was the clerk who sold the officer the magazines. *Jackson, supra*. Appellant's twelfth point of error is overruled.

In his thirteenth point of error, the appellant claims that the trial court erred in applying a contemporary community standard based upon the views of the "average person." The trial court instructed the jury that each individual juror should apply his or her view of the contemporary community standard as the average person would apply it. The United States Supreme Court has held that obscenity is not protected by the First Amendment, and that the "average person" standard is the correct contemporary community standard to use to measure whether sexually explicit communication is or is not protected. *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973). This court has already held that since the Texas obscenity statute is patterned after *Miller*, the "average person" standard is the correct standard. *Handl v. State*, 763 S.W.2d 446, 448 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd); *Ford v. State*, 753 S.W.2d 451, 453–54 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). Appellant's thirteenth point of error is overruled.

In his fourteenth point of error, the appellant claims that the trial court erred in excusing the state from presenting any evidence on contemporary community standards and thus unconstitutionally shift-ed the burden of proof to the defendant. This point of error is actually a sufficiency of evidence challenge. It is not necessary for the state to introduce testimony as affirmative evidence of community standards where, as here, the items charged as obscene are introduced and admitted into evidence. *Knight v. State*, 642 S.W.2d 180, 182 (Tex.App.—Houston [14th Dist.] 1982, no pet.); *see Goodwin v. State*, 514 S.W.2d 942, 945 (Tex.Crim.App.1974). Appellant's fourteenth point of error is overruled.

The judgment of the trial court is affirmed.