**Reversed and Remanded and Opinion filed April 22, 2021.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-20-00254-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**DMITRIY YAKUSHKIN, Appellee**

## NO. 14-20-00256-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**CESAR MORA-ORTIZ, Appellee**

## NO. 14-20-00320-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**ISAI CESPEDES-JUAREZ, Appellee**

## NO. 14-20-00321-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**ALBERTO CRUZ PONCE, Appellee**

## NO. 14-20-00322-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**DON EDWARD LONG, Appellee**

## NO. 14-20-00323-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**IVERY VERONN MYERS, Appellee**

## NO. 14-20-00324-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**BRANDON SILVA, Appellee**

## NO. 14-20-00325-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**BERNARDINO AMBUNDIZ, Appellee**

## NO. 14-20-00326-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**DARNELL THIBODEAUX, Appellee**

## NO. 14-20-00327-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**OSCAR LEDET III, Appellee**

## NO. 14-20-00328-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**ADRIANA DELEON IBARRA, Appellee**

## O P I N I O N

The common issues presented in these criminal appeals are whether the Harris County District Attorney has statutory authority to file an appeal on the State's behalf from county-level criminal courts of Harris County, and if so whether the judge of County Criminal Court at Law No. 8 erred in quashing the informations filed against appellees on the ground that the complaint supporting each information is invalid.

For the reasons explained, we hold that the Legislature has authorized the Harris County District Attorney to represent the State in appeals from county-level criminal courts of Harris County. Because the district attorney filed a timely notice of appeal in each of these cases, we have jurisdiction over them, and we deny appellees' requests to dismiss these appeals for want of jurisdiction.

Reaching the merits of the State's challenge to the orders, we conclude that the trial court erred in quashing the informations on the ground that the supporting complaints are invalid. The complaints satisfy all statutory requirements and therefore are valid. We sustain the State's issue in each appeal, reverse the trial court's orders quashing the informations, and remand the cases for further proceedings.

Due to common dispositive questions, the court has consolidated these appeals on its own motion for submission purposes.[1]  A justice of this court requested a vote on whether to consider the issues en banc.  A majority of the en banc court has voted against en banc consideration.[2]  A panel of the court will consider the cases.  *See* Tex. R. App. P. 41.1(a), 41.2(c).

## Background

The State charged each appellee by information with various offenses.  Each information was supported by a sworn complaint.

Appellees moved to quash and set aside the informations and dismiss the cases against them.[3]  In their motions, each appellee sought dismissal largely for the same reason, namely, that the complaints or affidavits accompanying each information were defective or invalid.  Appellee Yakushkin argued that the information against him was not supported by an affidavit made by a credible person, contrary to Code of Criminal Procedure article 21.22.  The other appellees argued that "[t]he complaint in this case does not meet the basic essential requirements provided by Texas statute, the Texas Constitution, or the U.S. Constitution."  Their motions did not specify precisely in which particulars the complaints were deficient, but at the hearing appellees argued that the complaints

---

[1] Chief Justice Christopher and Justices Wise, Jewell, Zimmerer, and Wilson voted in favor of consolidation; Justices Bourliot, Spain, Hassan, and Poissant voted against consolidation.  We have excluded one similar appeal from consolidation because a panel of the court has already submitted that case on oral argument.  Appeal No. 14-20-00255-CR; *State v. Martinez*.  Several appeals involving identical issues were docketed in the First Court of Appeals and decided recently.  *See State v. Santillana*, 612 S.W.3d 582, 584 n.3 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd).

[2] Chief Justice Christopher and Justices Wise, Jewell, Zimmerer, and Wilson voted against en banc consideration; Justices Bourliot, Spain, Hassan, and Poissant voted for en banc consideration.

[3] We note one possible exception:  the clerk's record in appeal No. 14-20-00256-CR, *State v. Mora-Ortiz*, does not contain a motion to quash the information.

5

in each case did not allege sufficient facts to establish probable cause.[4]  In opposition to the motions, the State argued that the complaints are valid because they satisfied the requirements of Code of Criminal Procedure article 15.05. *See* Tex. Code Crim. Proc. art. 15.05.

Over three successive days, the trial court signed orders quashing the informations in all eleven cases.  On February 17 and 18, 2020, the court quashed the informations as to appellees Yakushkin and Mora-Ortiz, finding in each case that the affidavits supporting the informations failed to state sufficient facts to support probable cause.  On February 19, 2020, the court signed orders quashing the informations as to all other appellees.  Those orders do not state grounds, but at the conclusion of the February 19, 2020 hearing, the court stated it was granting appellees' motions to set aside the informations "on the ground they are not based on a valid complaint and so the informations are ordered set aside."

The Harris County District Attorney, on behalf of the State, filed a timely notice of appeal in each case pursuant to Texas Code of Criminal Procedure article 44.01(a)(1).

## Issues Presented

In its sole issue, the State contends that the trial court erred in dismissing the information against each appellee because, in prosecutions like these under Code of Criminal Procedure article 21.22, Texas law does not require that a complaint include sufficient facts to establish probable cause.  In their response briefs,

---

[4] With the exception of appellees Yakushkin and Mora-Ortiz, the trial count held a single hearing on February 19, 2020, to consider all appellees' motions, which were filed by the same counsel and were, as the court noted, "identical" or "virtually identical."  The court held a hearing on appellee Yakushkin's motion two days earlier, February 17, 2020.  We have no record of a hearing regarding appellee Mora-Ortiz.

appellees acknowledge the State is correct and thus concede error on that particular point.

On appeal, however, appellees raise an additional reason why each complaint is invalid and moreover challenge our jurisdiction over the State's appeals. Regarding the jurisdictional question, appellees argue that we must dismiss these cases because the Harris County District Attorney has no authority to file a notice of appeal on the State's behalf in cases from the Harris County criminal courts at law. If, as appellees contend, the Harris County District Attorney has no authority to file a notice of appeal in cases originating in the county criminal courts at law, then the notices of appeal she filed on the State's behalf here were insufficient to invoke this court's jurisdiction.

Concerning the merits, appellees assert for the first time on appeal that the trial court properly dismissed the complaints because they did not comply with Code of Criminal Procedure article 2.04.

Because appellees' first argument concerns this court's jurisdiction, we address it first. *See, e.g.*, *Galliford v. State*, 101 S.W.3d 600, 603 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd).

**Jurisdiction**

Appellees argue that "[t]he Harris County District Attorney is not statutorily authorized to represent the State of Texas in criminal appeals from county-level courts." Appellees insist that "[o]nly the State Prosecuting Attorney" has the statutory authority to do so, and, because the State Prosecuting Attorney did not file a notice of appeal in these cases, we have no jurisdiction to consider the appeals. In support, appellees point to several statutes, which they say do not grant the Harris County District Attorney the authority to file a notice of appeal for the

State in appeals from a county-level court. In the absence of any statutory authority granting the Harris County District Attorney authority to file the appeal, appellees continue, we must conclude that she does not.

**A.    Relevant Law**

We briefly summarize the authority on which appellees rely.

1.    *Texas Constitution article V, section 21*

Appellees first direct us to the provision of the Texas Constitution that empowers the Legislature to establish the duties of district attorneys. The Texas Constitution provides in relevant part:

> A County Attorney, for counties in which there is not a resident Criminal District Attorney, shall be elected by the qualified voters of each county. . . . The County Attorneys shall represent the State in all cases in the *District and inferior courts* in their respective counties; but *if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature.*

Tex. Const. art. V, § 21 (emphasis added). This constitutional provision speaks only to representation in the district and inferior courts, not appellate courts, and provides that in districts, like Harris County, that have both a district attorney and a county attorney, the Legislature will determine their "respective duties." *Id.*

2.    *Texas Code of Criminal Procedure article 2.01*

One statute that addresses district attorneys' duties pertaining specifically to appeals is Texas Code of Criminal Procedure article 2.01. That article provides in relevant part: "Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom." Tex. Code Crim. Proc. art. 2.01. This statute gives district attorneys authority to represent the State

8

in appeals from cases in "the district courts of his district."  However, as appellees observe, the statute does not specify who has authority to file appeals for the State when, as here, the Harris County District Attorney's statutory authority to prosecute criminal cases on the State's behalf extends not only to district courts but also county criminal courts at law.

### 3. *Texas Government Code sections 25.1033 and 43.180*

Section 25.1033 of the Government Code pertains directly to Harris County's statutory criminal courts at law.  That section provides that "[t]he Harris County district attorney serves as prosecutor for the county criminal courts at law as provided by Section 43.180."  Tex. Gov't Code § 25.1033(k).  This statute clearly provides that the Harris County District Attorney is to be the prosecutor in the county criminal courts at law, but it does not specifically address whether, as prosecutor, the Harris County District Attorney has authority to file appeals on behalf of the State in cases arising from those courts.  Because it references section 43.180, however, we consider that section as well.

Section 43.180 authorizes the office of Harris County District Attorney.  It provides in relevant part:

(a) The voters of Harris County elect a district attorney.

(b) The district attorney shall attend each term and session of the district courts of Harris County.  *The district attorney shall represent the state in criminal cases pending in the district and inferior courts of the county.*  The district attorney has control of any case heard on habeas corpus before any civil district court or criminal court of the county.

(c) The district attorney has *all the powers*, duties, and privileges in Harris County *relating to criminal matters* for and in behalf of the state *that are conferred on district attorneys in the various counties and districts*.

9

*Id.* § 43.180(a), (b), (c) (emphasis added).  Notably, this statute specifically empowers the Harris County District Attorney to litigate criminal cases "in the district *and inferior courts of the county*," *see id.* § 43.108(b) (emphasis added), and bestows on the Harris County District Attorney "all the powers" "relating to criminal matters" "that are conferred on district attorneys in the various counties and districts."  *See id.* § 43.180(c).  Neither section 43.180 nor section 25.1033 specifically addresses appeals.

### 4. *Texas Government Code section 42.001*

According to appellees, only the State Prosecuting Attorney is authorized to represent the State in appeals from Harris County criminal courts at law.  They direct us to Government Code section 42.001, which provides:

> The court of criminal appeals shall appoint a state prosecuting attorney to represent the state in all proceedings before the court.  *The state prosecuting attorney may also represent the state in any stage of a criminal case before a state court of appeals if he considers it necessary for the interest of the state.*

Tex. Gov't Code § 42.001(a) (emphasis added).  As appellees point out, the State Prosecuting Attorney is not required to represent the State in appeals from Harris County's criminal courts at law but "may" do so "if he [or she] considers it necessary for the interest of the state."  Based on this section, appellees state that the State Prosecuting Attorney is the "only entity capable of representing the State of Texas in an appeal from a county criminal court at law in Harris County."

## B.    Discussion

Appellees contend that none of the statutes referenced above specifically grants the Harris County District Attorney power to appeal judgments from Harris County criminal courts at law.  Because no statute authorizes the Harris County District Attorney to appeal cases from the county criminal courts at law, appellees

10

say that only the State Prosecuting Attorney had the discretionary authority to file the notice of appeal in these cases. Because the State Prosecuting Attorney did not choose to file an appeal, and the Harris County District Attorney had no power to do so, appellees argue that the appeals were never perfected and must be dismissed for lack of jurisdiction.

In its reply brief, the State contends that the Harris County District Attorney's authorizing statute—section 43.180 of the Government Code—is ambiguous because neither subsection (b) nor subsection (c) explicitly empowers the Harris County District Attorney to represent the State on appeal in criminal cases from the county criminal courts at law. The State also asserts that appellees' interpretation of the statute would lead to the absurd result of requiring the State Prosecuting Attorney, a three-person office based in Austin, to handle all of the appeals from Harris County's statutory county criminal courts at law, as well as those from several other counties in similar situations. In light of its claim that section 43.180 is ambiguous, the State urges this court to consider extratextual sources such as legislative history to determine whether the Harris County District Attorney had the authority to file and prosecute these appeals.

We need not do so. We conclude that the Harris County District Attorney's statutory authority to represent the State in appeals from county-level courts at law in Harris County is evident from the plain language of the statutes appellees cite, read in conjunction with the statute authorizing state's appeals.

The State has no right of appeal in criminal cases unless it is authorized by statute. *See* Tex. Const. art. V, § 26 (West 1987) ("The State is entitled to appeal in criminal cases, as authorized by general law."); *see also Todd v. State*, 661 S.W.2d 116, 117 n.1 (Tex. Crim. App. 1983) (addressing pre-1987 version of article V, section 26, which provided: "The State shall have no right of appeal in

11

criminal cases."). The State is granted the right of appeal by Texas Code of Criminal Procedure article 44.01. *See* Tex. Code Crim. Proc. art. 44.01. Because the State's ability to appeal in a criminal case is statutorily created, the terms of the statute must be followed. *State v. Janssen*, 592 S.W.3d 530, 533 (Tex. App.—Amarillo 2019, pet. ref'd) (citing *State v. Sellers*, 790 S.W.2d 316, 316 (Tex. Crim. App. 1990)); *see also State v. Wachtendorf*, 475 S.W.3d 895, 899 (Tex. Crim. App. 2015) ("The State has not always enjoyed a right to appeal in Texas, and that right is a statutorily created one.") (internal quotation omitted). Article 44.01 provides, among other things, the circumstances under which the State may file an appeal, the time for filing such an appeal, and who may file the appeal on behalf of the State. *See* Tex. Code Crim. Proc. art. 44.01(a), (b), (c), (d), (i).

Regarding the filing of the appeal, article 44.01 provides:

> *The prosecuting attorney* may not make an appeal under Subsection (a) or (b) of this article later than the 20th day after the date on which the order, ruling, or sentence to be appealed is entered by the court.

*Id.* art. 44.01(d) (emphasis added). The statute then defines "prosecuting attorney":

> In this article, "prosecuting attorney" means the county attorney, *district attorney*, or criminal district attorney *who has the primary responsibility of prosecuting cases in the court hearing the case* and does not include an assistant prosecuting attorney.

*Id.* art. 44.01(i) (emphasis added).

It is undisputed that "[t]he [Harris County] district attorney shall represent the state in criminal cases pending in the district and inferior courts of the county" and "serves as prosecutor for the county criminal courts at law." Tex. Gov't Code §§ 43.180(b), 25.1033(k). Under Code of Criminal Procedure article 44.01(i), moreover, the "prosecuting attorney" for the county-level courts of Harris County

12

is the Harris County District Attorney because she "has the primary responsibility of prosecuting cases" in County Criminal Court at Law No. 8 of Harris County. As the "prosecuting attorney," it is her responsibility to "make an appeal" within twenty days of the date of the trial court's order. In the present cases, the Harris County District Attorney filed timely notices of appeal. Accordingly, she properly invoked our appellate jurisdiction, and we deny appellees' requests that we dismiss these cases for want of jurisdiction.

Our disposition on this issue aligns with that of our sister court in Houston, which recently rejected an identical argument, raised by the same public defender, in *State v. Santillana*, 612 S.W.3d 582 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd). Based on the plain text of the various statutes cited above, the *Santillana* court concluded that a timely notice of appeal filed by the Harris County District Attorney from Harris County Criminal Court at Law No. 8 properly invoked the appellate court's jurisdiction. *Id.* at 587. We agree with the First Court of Appeals on this issue. *See id.*

### The State's Issue on Appeal

In its issue on appeal, the State contends that the trial court erred in dismissing the charges because the affidavits supporting each information are statutorily compliant and because the court was incorrect to rule that an affidavit or complaint supporting an information must articulate sufficient facts to establish probable cause. The trial court also expressed concern during the hearing that the affiants' signatures on each affidavit are illegible. The State notes, however, that article 15.05 imposes no legibility requirement,[5] and that an affiant may attest to

---

[5] *Smith v. State*, 811 S.W.2d 665, 668 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (stating "[t]here is no requirement in the statute that the signatures be legible").

13

the statements in an affidavit or complaint merely by "affixing his mark." *See* Tex. Code Crim. Proc. art. 15.05.

In response, appellees urge us to affirm the trial court's orders because the complaints upon which each information was based are invalid. Appellees argue that the complaints are invalid for one reason, albeit a different reason from those presented in the motions below, discussed during the hearings, or identified in the trial court orders. Specifically, appellees contend that the affiant on a written complaint must be the person who made the original complaint to the district attorney. They base their argument on article 2.04 of the Texas Code of Criminal Procedure, which provides:

> Upon complaint being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said attorney.

Tex. Code Crim. Proc. art. 2.04.

Appellees argue that this statute "contains an additional requirement for a complaint," beyond the four statutory requisites applicable to "complaints" listed in article 15.05, and that the Harris County District Attorney's admitted compliance with article 15.05 therefore is insufficient. According to appellees, the complaints or affidavits are invalid because they do not comply with article 2.04.[6]

---

[6] Appellees acknowledge on appeal that an affidavit or complaint supporting an information need not include sufficient facts to establish probable cause. Thus, they do not seek to defend the orders on that ground. Additionally, while noting that the affiants' signatures are illegible, appellees do not argue that the complaints are invalid solely because the signatures are illegible, *see Smith*, 811 S.W.2d at 668; rather, they contend that illegible signatures or marks prevent them from determining whether each affiant is "the person who first notified the district attorney" of the alleged violations.

14

Articles 15.04 and 15.05 describe "complaints" and their requirements. A "complaint," as referenced by article 15.04, refers to the "affidavit made before the magistrate or district or county attorney" that alleges the commission of an offense. *Id*. art. 15.04. Article 15.05 lists a complaint's necessary requisites:

> The complaint shall be sufficient, without regard to form, if it have these substantial requisites:
>
> 1. It must state the name of the accused, if known, and if not known, must give some reasonably definite description of him.
>
> 2. It must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense.
>
> 3. It must state the time and place of the commission of the offense, as definitely as can be done by the affiant.
>
> 4. It must be signed by the affiant by writing his name or affixing his mark.

*Id*. art. 15.05.[7]

Article 21.20, entitled "Information," defines an information as "a written statement filed and presented in behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted." *Id.* art. 21.20. No information shall be presented until an "affidavit"

---

[7] Article 15.05 appears in chapter fifteen of the Code, entitled "Arrest Under Warrant." The "affidavit" or "complaint" referenced in article 15.04 refers to an affidavit supporting a warrant or summons by a magistrate. *See id*. art. 15.03(a)(2). The affidavit required by article 15.05 to support a warrant of arrest is not to be confused with the affidavit required by article 21.22 to support an information; they have separate purposes. *See Jernigan v. State*, 661 S.W.2d 936, 938 (Tex. Crim. App. 1983), *cert. denied*, 464 U.S. 986 (1983). In today's cases, the parties do not dispute that article 15.05's requirements applicable to complaints supporting warrants or summonses also apply to an "affidavit" or "complaint" supporting a misdemeanor information. Our court and others have stated or implied as much. *See, e.g.*, *Wells v. State*, 516 S.W.2d 663, 664 (Tex. Crim. App. 1975); *State v. Caves*, 496 S.W.3d 153, 156 (Tex. App.—San Antonio 2016, pet. ref'd); *Gholson v. State*, 667 S.W.2d 168, 177 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd).

has been made by "some credible person" charging the defendant with an offense. *Id*. art. 21.22. The "affidavit" shall be filed with the information. The affidavit may be sworn to before the district or county attorney, or it may be made before any officer authorized by law to administer oaths. *Id*.

Here, as to each appellee, the State filed an "information" together with a signed affidavit, described on its face as a "complaint." According to appellees, article 2.04 requires that the affiant for a "complaint" be the same person who originally complained about the alleged offense to the district attorney. Thus, appellees are contending that the "affidavit" required to be attached to the information under article 21.22 must be sworn to by the person who "made the original complaint to the district attorney," which, according to appellees, usually is a "law enforcement officer." Appellees continue that the State in the present case did not prove that the affiant on the affidavit attached to each information is in fact the officer who first complained to the district attorney. Appellees generally believe or suspect that the affiants are instead administrative employees of the Harris County District Attorney's office. For this reason, appellees contend that the affidavits or "complaints" filed with each information violate article 2.04.

Appellees did not cite or discuss article 2.04 in their motions or during the hearings. Defects in complaints must be raised before trial, and a defendant who fails to object to a defect, error, or irregularity of form or substance in an information before the date on which the trial on the merits commences waives the right to object to the defect, error, or irregularity on appeal. *See Ramirez v. State*, 105 S.W.3d 628, 630 (Tex. Crim. App. 2003); Tex. Code Crim. Proc. art. 1.14. Here, trial on the merits had not commenced. The court quashed each information before trial. Because the State does not argue waiver but instead addresses the substance of appellees' article 2.04 argument, we will as well, presuming without

16

deciding that we may do so despite appellees' failure to assert the argument they raise on appeal in the trial court before the court dismissed the charges. *Cf. Santillana*, 612 S.W.3d at 587-88 (concluding that appellees failed to preserve argument by not advancing it before trial).

An information need only be based upon a sworn "affidavit" "by some credible person" other than the prosecutor. Tex. Code Crim. Proc. art. 21.22; *Wells v. State*, 516 S.W.2d 663, 664 (Tex. Crim. App. 1975); *Gholson v. State*, 667 S.W.2d 168, 177 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd). A credible person is any person competent to testify. *Halbadier v. State*, 220 S.W. 85, 87 (Tex. Crim. App. 1920). Article 2.04 says that a district or county attorney is obligated to reduce to writing any complaint alleging an offense and to have the "complainant" sign the document. Article 21.22, however, does not require that the "affiant" who signs the affidavit upon which an information is based must be the person who first notified the district or county attorney of the offense. Nor does article 21.22 state that the affidavit filed with the information must be the "complaint" referenced in article 2.04. Under article 21.22, the "affidavit" supporting an information must be signed by a "credible person," and courts have long held that this affiant can be a police officer, or someone else, including someone without personal knowledge of the facts supporting the offense. *See Wells*, 516 S.W.2d at 664; *Catchings v. State*, 285 S.W.2d 233, 234 (Tex. Crim. App. 1955) (complaint filed by secretary for Harris County District Attorney held to be complaint by a "credible person," even though she did not have first-hand knowledge and based her affirmation on information from a police report and an instrument signed by a police officer); *Santillana*, 612 S.W.3d at 588; *State v. Balandrano*, No. 13-13-00536-CR, 2015 WL 5136453, at *2-3 (Tex. App.—Corpus Christi Aug. 31, 2015, no pet.) (mem. op., not designated for publication)

(affidavit in support of information not invalid because not signed by someone with first-hand knowledge of facts) (discussing *Wells*); *Paulsen v. State*, No. 01-99-00271-CR, 2000 WL 1678444, at *2 (Tex. App.—Houston [1st Dist.] Nov. 9, 2000, no pet.) (mem. op., not designated for publication) (explaining that district attorney investigator may serve as affiant); *Rose v. State*, 799 S.W.2d 381, 384 (Tex. App.—Dallas 1990, no pet.); *Pringle v. State*, 732 S.W.2d 363, 368 (Tex. App.—Dallas 1987, pet. ref'd).

Nothing in the Code or any authority cited prevents the district attorney from discharging her duty under article 2.04 by reducing to writing a "complaint" signed by a "complainant" and also filing an information accompanied by an affidavit signed by some credible person other than the person who signed the "complaint" referenced by article 2.04. The "complaint" in article 2.04 and the "affidavit" referenced in article 21.22 need not be the same document or signed by the same person, although they may be. Typically, the affidavit filed with an information is in the form of a "complaint,"[8] but all article 21.22 requires is that an information be supported by an "affidavit . . . made by some credible person charging the defendant with an offense" and that it be sworn to before the district or county attorney, or another person authorized to administer oaths. Tex. Code Crim. Proc. art. 21.22. Accordingly, we hold that article 21.22 imposes no requirement that the person signing the affidavit referenced in that article be the person who first reported the alleged offense to the district attorney. The affidavits accompanying the informations in the present cases do not violate article 2.04 for the reason appellees assert.

---

[8] *See Mayo v. State*, No. 09-13-00387-CR, 2014 WL 3387017, at *4 (Tex. App.—Beaumont July 9, 2014, no pet.) (mem. op., not designated for publication) ("As a general rule, an information may not be presented until an affidavit, typically in the form of a complaint, has been made by some credible person charging the defendant with an offense.").

Moreover, even indulging the premise that the affidavit filed with an information must be signed by the first person who reported the offense to the district attorney, appellees' argument fails for an alternative reason. The defendant has the burden of proof on a motion to quash an indictment or complaint. *Wheat v. State*, 537 S.W.2d 20, 21 (Tex. Crim. App. 1976). Appellees' response to the State's appellate issue is premised on the notion that the State failed to show that the affidavit in each case was signed by the first person who complained. But it was not the State's burden to do so; it was appellees' burden to prove that the affidavits are invalid. Appellees presented no evidence at the hearings and failed in this burden.

We conclude appellees' argument regarding the sufficiency of the complaints under article 2.04 lacks merit, and thus the trial court could not have properly dismissed appellees' charges on this basis. *See Santillana*, 612 S.W.3d at 588.

## Conclusion

Having concluded that we have jurisdiction over these appeals and having held that the trial court erred in quashing the information in each case, we reverse the trial court's orders and remand the cases for further proceedings.


/s/     Kevin Jewell
        Justice


Panel consists of Justices Jewell, Poissant, and Wilson.

Publish — Tex. R. App. P. 47.2(b).

19